Forest Preserve District of Cook County, Plaintiff in Error, v. Edmund Jesse, Sr., et al., Defendants in Error.

Gen. No. 37,286.

Opinion filed June 11, 1934.

GEORGE A. BASTA and JOHN C. LEWE, for plaintiff in error; JOHN C. LEWE, of counsel.

GEORGE P. LATCHFORD, JR., HARRY O. ROSENBERG and JOHN P. SULLIVAN, for defendants in error; JOHN M. POLLOCK, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On November 17, 1931, the Forest Preserve District of Cook County filed its petition to condemn seven lots. It is stipulated that the cause afterward first appeared on the trial call September 16, 1932, and from that date to June 12, 1933, it was on the trial call 18 times; that on each of these occasions the Forest Preserve District stated it was not ready to go to trial because it did not have the money to meet the anticipated awards, and the case was continued on motion of the Forest Preserve District over objection of defendants, who were ready for trial each time the case appeared on the trial call.

Although it is stipulated the last date the case appeared on the trial call was June 12, 1933, the record discloses that on June 21, 1933, an order was entered in which it was recited that the cause came on for trial and that three of the defendants,. who owned three of the lots sought to be condemned, were ready and demanding trial, "and the petitioner not being ready and refusing to proceed to trial, it is ordered that this cause be and the same is hereby dismissed as to property owned by said defendants, for want of prosecution.

"It is further ordered that the hearing on the question of damages alleged to have been sustained by the above mentioned defendants by reason of the proceedings herein be and the same is hereby set for hearing on June 30th, 1933, at 10 A. M." Whether the petition was dismissed as to the lots owned by the other parties does not appear. June 30th the matter came on for hearing for the assessment of damages against the petitioner for costs, expenses and attorneys' fees paid or incurred by the owners of certain of the lots, and a judgment was entered against the petitioner, the Forest Preserve District of Cook County, for such costs, expenses and attorneys' fees, aggregating $3,175; $400 was awarded to Jesse and wife; $1,600 to Eglenicki and wife; $287.50 to Sadie L. Welby; $227.50 to Harris and wife; and $600 to Marnik and wife; owners of but four, or at most five, of the lots sought to be condemned. No point is made that the allowance is not warranted by the evidence or that the several items are excessive.

The Forest Preserve District contends that the court had no power to assess the damages because the dismissal of the proceedings, as to the lots in question, was for want of prosecution, and that under the statute such damages may be awarded to owners of property only where the petition is dismissed voluntarily by the petitioner, or where it refuses to pay the awards within the time mentioned in the judgment of the court where the property is ultimately condemned and taken for public use.

On the other hand, the defendants' position is that the dismissal of the petition in the instant case was "as much a voluntary dismissal of the petition as if it had been asked for by petitioner in so many words. To hold otherwise would defeat the intention of the legislature."

The statute under which the defendants claim they were entitled to costs, expenses and reasonable attorneys' fees went into effect July 1, 1897. *Winkleman v. Chicago,* 213 Ill. 360. It is section 10 of the Eminent Domain Act, chapter 47, and is as follows:

"The judge or court shall, upon such report, proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property and the use of the same upon payment of full compensation as ascertained as aforesaid, within a reasonable time to be fixed by the court, and such order, with evidence of such payment, shall constitute complete justification of the taking of such property. *Provided,* that in case the petitioner shall dismiss said petition before the entry of such order or shall fail to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition, or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of said petition as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs."

The question for decision turns upon the construction of section 10, and the precise question before us has never been passed upon by any court of review in this State. We think we ought to say that we have been furnished by counsel for both sides with clear, concise and lucid briefs.

The cardinal rule of construing statutes is to ascertain the intention of the legislature. *Zister v. Pollack,* 262 Ill. App. 170. "The intention of the law-makers is

the law. This intention is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their real intent. . . . In determining the meaning of a statute the court will always have regard to existing circumstances, contemporaneous conditions, the objects sought to be attained by the statute and the necessity or want of necessity for its adoption." *Hoyne v. Danisch,* 264 Ill. 467–483. "In construing a statute the courts are not confined to the literal meaning of the words. A thing within the intention is regarded within the statute though not within the letter. A thing within the letter is not within the statute if not also within the intention. When the intention can be collected from the statute, words may be modified or altered so as to obviate all inconsistency with such intention. . . . The courts are bound to presume that absurd consequences leading to great injustice were not contemplated by the legislature, and a construction should be adopted that it may be reasonable to presume was contemplated." *Uphoff v. Industrial Board,* 271 Ill. 312; *Van Meter v. Goldfare,* 236 Ill. App. 126.

Par. 1 of section 1, chapter 131, of the statutes, which is the act in relation to the construction to be given our statutes, provides: "First—All general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the Legislature may be fully carried out."

*Sanitary District of Chicago v. Chapin,* 226 Ill. 499, was a petition to condemn land for public use. On account of the inexcusable delay of the petitioner in trying the case, the court, on motion of defendants, dismissed the proceeding and an appeal was taken to the Supreme Court. The court upheld the dismissal over the petitioner's objection and said (p. 502): "But

this proceeding is not governed by the ordinary rules of practice. The court ought in any case to be able to see that justice is done. And this case is different from the ordinary suit at law in the fact that the statute contemplates a speedy trial.''

Under the rule of construction announced in the foregoing authorities and in view of the nature of the proceeding in the instant case, we are of opinion that it was the intention of the legislature in enacting section 10 to award to property owners whose property was sought to be taken in condemnation, their costs, expenses and reasonable attorney fees incurred by them in case the petition was voluntarily dismissed by the petitioner, or where the petitioner, after an unreasonable delay, refuses to dismiss or to try the case. Otherwise the statute could be entirely nullified by the petitioner merely refusing to dismiss his case or to proceed to trial. Obviously, if the petitioner refused to dismiss its petition or to proceed to trial, the intention of the legislature would be frustrated, the defendants put to expense in the preparation of their case and be wholly without remedy.

We hold that in the instant case the dismissal of the petition under the circumstances disclosed by the record rendered petitioner liable for costs, expenses and reasonable attorney fees. · But counsel for the petitioner say that it has been held by this court and by the Supreme Court that no costs, expenses or attorney fees are allowable under section 10 unless the petitioner voluntarily dismisses the proceeding or unless the awards are not paid within the time mentioned in the judgment awarding compensation. Obviously, in the instant case, no judgment having been entered condemning the property and making award therefor, that provision of the statute is not here in-

volved. The cases which counsel for the petitioner relies upon are *City of Mound City v. Mason,* 199 Ill. App. 120, and *Chicago Great Western R. R. Co. v. Ashelford,* 268 Ill. 87. While language is used in those opinions that would lend comfort to the petitioner, yet we are clear that the point before us was not involved or decided.

The *Mason* case was an appeal from a judgment of the county court in favor of a defendant in a condemnation proceeding awarding him attorney fees and costs in defending the condemnation suit. In the condemnation suit there was a judgment awarding the defendant compensation, from which he appealed to the Supreme Court where the judgment was reversed because the petition was insufficient, and the cause remanded. *City of Mound City v. Mason,* 262 Ill. 392. After the remandment the petitioner asked leave to file an amended petition for condemnation. The defendant objected and moved to dismiss the petition for want of power in the petitioner to condemn his property. The defendant's motion was sustained and the petition dismissed over petitioner's objection and the court heard evidence as to defendant's costs and attorney fees. The judgment of the trial court awarding defendant his attorney fees and costs was reversed by the Appellate Court, which held that section 10 of the Eminent Domain Act, under which defendant claimed to be entitled to his attorney fees and expenses, did not apply except where the petitioner voluntarily dismissed the proceeding. The court there discusses the authorities including the *Ashelford* case, *supra,* 268 Ill. 87, and apparently based its decision on a quotation from that case.

In the *Ashelford* case the railroad company filed a petition to condemn certain property in Ogle county.

There was a hearing on the merits and the jury returned a verdict awarding defendants certain compensation for their land, and for damages for land not taken. Four days after the verdict, namely, July 6, 1914, judgment was entered on the verdict which provided that the award be paid within 25 days. The judgment was in memorandum form only, and October 3, 1914, a prepared judgment was signed by the judge. It was indorsed, "Order, July 6, 1914," and then delivered to the clerk who filed it. In the meantime, September 14, 1914, the defendant, the property owner, filed his petition in the condemnation suit alleging that the court entered this judgment on July 6th, and that the compensation be paid within 25 days, or July 31, 1914; that the compensation had not been paid, and moved that the proceeding be dismissed for failure to make the payment within the time fixed in the judgment, and that the railroad company be ordered to pay defendant $310 on account of expenses incurred by defendant in the condemnation suit. The railroad company answered the petition, denying that the judgment order was entered July 6, 1914, and alleging that the final order was not entered until October 3, 1914, at which time the railroad company tendered the amount of the award to the defendant, which was refused, and a few days later the railroad company deposited the money with the county treasurer. There was a hearing on the defendant's petition and the railroad company's answer; the court found the facts as stated in the defendant's petition and ordered the railroad company to pay the property owner $275, the amount of defendant's expenses incurred in the condemnation suit. The railroad company appealed to the Supreme Court, where the judgment of the trial court was affirmed. In that case it will be noted that the petition for condemnation was dismissed on motion of the defendant property owner

over the objection of the railroad company. It sought to pay the amount of the award, the dismissal being on the ground that the compensation had not been paid within the time fixed by the judgment of the court, as required by section 10 of the Eminent Domain Act. That section provides that in case the party seeking condemnation fails ''to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition, or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of said petition as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs.'' This was the only provision of section 10 involved in the decision of that case. The judgment was affirmed solely on the ground that the award in the condemnation proceeding had not been paid within the time fixed in the judgment order as the statute provided. The question of the dismissal of the petition voluntarily or otherwise was in no way involved or considered.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.