STATE, BY WALTER F. MONDALE, ATTORNEY GENERAL, v.
WALLACE L. NELSON AND OTHERS.
CENTRAL EMBERS, INC., APPELLANT.

125 N. W. (2d) 166.

December 6, 1963—No. 38,841.

*Altman, Geraghty & Mulally* and *Kenneth M. Schadeck,* for appellant.

*Walter F. Mondale,* Attorney General, *Perry Voldness,* Deputy Attorney General, and *Ward P. Gronfield,* Special Assistant Attorney General, for respondent.

OTIS, JUSTICE.

This is an appeal from an order denying attorneys' fees which appellant claims were due it under Minn. St. 117.16 following the dismissal of condemnation proceedings affecting property which appellant leased.

Appellant corporation rented these premises for a restaurant and drive-in for a term of 10 years. In the fall of 1960, condemnation proceedings were commenced by the State of Minnesota. The initial hearing was conducted on February 20, 1961. On that date the court fixed the usual period of 6 months within which the commissioners were to report. On August 24, 1961, at the state's request, the time was extended to February 19, 1962. Prior to the second deadline, the state petitioned the court for an extension of an additional year. Appellant resisted the proposal and moved to dismiss the condemnation, alleging that the requested extension was unreasonable. Over respondent's vigorous objection, on March 26, 1962, appellant's motion was granted, and the proceedings were dismissed with an accompanying memo, not made a part of the order, as follows:

"The Court has already allowed the State three extensions. Property owners are entitled to reasonable consideration."[1]

The order itself recited as the reason for granting the dismissal that it appeared "that the State of Minnesota has abandoned and discontinued its condemnation proceeding" with respect to appellant's parcel. Thereafter appellant petitioned the court for costs and expenses, including attorneys' fees, pursuant to § 117.16, which provides in part as follows:

"* * * When the proceeding is so dismissed or the same is discontinued by the petitioner the owner may recover from the petitioner reasonable costs and expenses including fees of counsel."

Responding to the motion, the commissioner of highways filed an affidavit asserting:

"That the Attorney General will be requested to initiate a new proceeding in the near future for the acquisition of a portion of the property wherein said Central Embers, Inc. has an interest; that a portion of said property is necessary for the proper construction and improvement of

---

[1] A memorandum not explicitly made a part of an order may be considered to interpret but not impeach the order it accompanies. Leman v. Standard Oil Co. 246 Minn. 271, 273, 74 N. W. (2d) 513, 515; McMillen v. Meyer, 246 Minn. 132, 135, 74 N. W. (2d) 393, 395.

said Interstate Route No. 393, and that said acquisition is necessary for the safety and convenience of the traveling public in using said Route No. 393 and Trunk Highway No. 65."

The court thereupon denied the appellant's petition for costs and attorneys' fees with the following memorandum not made a part of the order:

"By granting the property owner's motion to dismiss, the Court has stopped further expense to them and placed a burden on the State to proceed further. While it is true that services of value have been rendered, nonetheless these services have not been lost to the land owner in view of the fact that the State intends the establishment and improvement of Interstate Route 393 at this location.

"This is an Interstate Highway with an interchange to be constructed at this location. Apparently this acquisition has created certain engineering difficulties for the State which has made for delay. The Court dismissed the proceeding on motion of Central Embers, Inc., so as to permit the State to commence the proceeding anew as to this parcel, when all the engineering data became available.

"The Court is satisfied that the State has acted in good faith, and has not been guilty of needless delay. While it may be true that the property owner has sustained some loss, the State also is penalized by the dismissal.

"There being no express statutory direction for the allowance of costs and expenses, where the Court dismisses a proceeding on motion of the land owner, this Court does not feel impelled to attempt to equalize the loss between the parties at this time.

"The rights of the parties, though at present in limbo, will ultimately be determined."

From that order, dated June 19, 1962, this appeal was taken on July 20, 1962.

■ The state contends that the order is not appealable because the appellant is not precluded from a later determination of its claim. However, we are of the opinion that the ruling involves the merits of a part

of the action within the meaning of § 605.09(3).[2] Since that part of the condemnation which affects appellant has been dismissed, if it has any rights they have already accrued under § 117.16 and should be determined at this time. We fail to understand on what theory they can be revived by the initiation of a new condemnation. Consequently, we hold that the order was a final determination of a positive legal right and hence was appealable. In this conclusion we find support in Wagner v. Wagner, 34 Minn. 441, 26 N. W. 450, where we held that an order denying an award of attorneys' fees following an action for divorce could be reviewed under what became § 605.09(3).

■ Turning to the merits of the appeal, it should be noted that § 117.16 confers on the trial court discretion to grant or withhold attorneys' fees and other expenses where the condemning authority has dismissed or discontinued the action. We are concerned, therefore, with the questions of whether the court had authority to act, and, if so, whether its discretion was abused. An examination of the cases cited by both parties reveals no precedent in this state. We have, however, discussed the purposes of the act in State, by Benson, v. Lesslie, 195 Minn. 408, 411, 263 N. W. 295, 296, noting that it was intended to protect owners from the futile and unnecessary trouble and expense of condemnation proceedings which are ultimately discontinued or abandoned. Under a similar statute in California, the court has pointed out that the law was intended to prevent condemning authorities from bringing successive proceedings with a view to discontinuing and relitigating those in which the awards appeared excessive. City of Los Angeles v. Abbott, 217 Cal. 184, 200, 17 P. (2d) 993, 998. See, also, Annotations, 31 A. L. R. 352, 359, and 92 A. L. R. (2d) 355, 376.

Appellant here argues that the statute should not be literally construed to limit attorneys' fees to those cases where the state has itself dismissed the proceedings. It is appellant's contention that the purpose of the statute is frustrated where the state fails to pursue a condemnation but refuses to dismiss because of its potential liability for attorneys' fees. While there would be force in this argument if the record

---

[2]This provision has been repealed by L. 1963, c. 806, § 8, effective May 22, 1963.

compelled a finding that these proceedings had actually been abandoned, the evidence is all to the contrary. Although it is clear there have been delays, it is equally obvious that the state intends to go forward as expeditiously as possible. Even though some of appellant's expenses will be duplicated when the condemnation is revived, and we cannot deny that some hardship has resulted from the delay, neither can we say that the order is so inequitable that a reversal is required. Apart from statute, appellant would be entitled to nothing beyond ordinary costs. Under the circumstances we do not feel justified in treating the petitions for extension as a dismissal or discontinuance, and therefore hold that there was no occasion for the trial court to exercise its discretion with respect to the allowance or disallowance of costs and expenses under § 117.16. City of Los Angeles v. Abbott, *supra.*

Two decisions of the Illinois court reaching a contrary conclusion were rendered under a statute making the payment of expenses mandatory rather than discretionary. Forest Preserve Dist. v. Jesse, 275 Ill. App. 397; Department of Public Works v. Lanter, 15 Ill. (2d) 33, 153 N. E. (2d) 552. Furthermore, the facts in those cases disclosed an extended and unjustified delay which fully warranted the court in finding that the state's dilatory tactics were tantamount to a dismissal. For these reasons they are distinguishable.

Affirmed.