CITY OF THIEF RIVER FALLS v. DEAN C. SWICK AND OTHERS. CHESTER S. CARLSON AND ANOTHER, APPELLANTS.

207 N. W. 2d 356.

May 11, 1973—No. 43451.

*Myhre & Jorgenson* and *Arthur A. Drenckhahn,* for appellants.
*Wurst & McDowell* and *Robert A. Wurst,* for respondent.

PER CURIAM.

The issue presented on this appeal is whether Minn. St. 1969, § 117.16, permitted the allowance of attorneys' fees incurred in inverse condemnation proceedings which were dismissed when the original condemnation was discontinued. The trial court denied recovery and we affirm.

In 1969, the city of Thief River Falls began condemnation proceedings to acquire appellants' land for a sewage treatment facility. Because the proposed use would affect the value of property not condemned, appellants commenced a mandamus suit to compel the city to award damages for other property they owned. Ultimately, the condemnation was abandoned. Appellants thereupon applied to the district court for attorneys' fees and costs amounting to $2,442.88, made necessary by the

condemnation and the mandamus suit. The court allowed attorneys' fees allocated to the condemnation suit but denied the fees incurred in the mandamus suit.

Section 117.16, under which appellants seek recovery (which has since been repealed by L. 1971, c. 595, § 29), provided in part as follows:

"* * * When the proceeding is so dismissed or the same is discontinued by the petitioner the owner may recover from the petitioner reasonable costs and expenses including fees of counsel."

The quoted portion of § 117.16 is now part of Minn. St. 117.195.

The repeal statute was not effective as to condemnation proceedings commenced prior to September 1, 1971. L. 1971, c. 595, § 30. The condemnation proceedings in this case and the mandamus action were commenced prior to that date. However, the trial court never did decide the issue presented in the petition in the mandamus action. Hence, the balance of appellants' property was not included by way of inverse condemnation or otherwise at the time the condemnation proceedings were discontinued. The trial court properly allowed attorneys' fees in the condemnation suit. We think the denial of attorneys' fees in the mandamus action was also correct. Section 117.16 applied only to a pending condemnation proceeding. No mandamus order having been granted for inverse condemnation, no condemnation proceedings affecting the balance of appellants' land not included in the initial proceeding were dismissed or discontinued.

We are also persuaded that § 117.16 is not applicable to the dismissal or discontinuance of inverse condemnation proceedings because of the adoption of Minn. St. 117.045, which provides:

"If a person successfully brings an action compelling an acquiring authority to initiate eminent domain proceedings relating to his real property which was omitted from any current or completed eminent domain proceeding, such person shall be entitled to petition the court for reimbursement for his reasonable costs and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred in bringing such action. Such costs and expenses shall be allowed only in accordance with the applicable provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 84 Stat. 1894 (1971), any acts amendatory thereof, any regulations duly adopted pursuant thereto, or regulations duly adopted by the state of Minnesota, its agencies or political subdivisions pursuant to law."

We are of the opinion that § 117.045 was intended to add to the existing law which had confined the payment of attorneys' fees to proceed-

ings initiated by the governing body and thereafter discontinued. The fact that the legislature adopted § 117.045 would indicate that an allowance for attorneys' fees incurred for inverse condemnation proceedings was not covered by Minn. St. 1969, § 117.16, or its successor, Minn. St. 117.195. However, even § 117.045 is not applicable in the instant case because appellants' mandamus action was commenced before the effective date of the statute and it was not "successfully" brought, since the court did not order inverse condemnation.

Affirmed.