STATE, BY WARREN SPANNAUS, v. ELMER M. CARTER
AND ANOTHER.

221 N. W. 2d 106.

August 2, 1974—No. 44593.

*Erickson, Zierke, Kuderer, Utermarck & McKenna* and *Charles R. Zierke,* for appellants.

*Warren Spannaus,* Attorney General, *Eric B. Schultz,* Deputy Attorney General, and *William A. Caldwell,* Special Assistant Attorney General, for respondent.

Heard before MacLaughlin, Yetka, and Scott, JJ., and considered and decided by the court.

Yetka, Justice.

This is an appeal from an order of the district court denying defendant landowners' motion for allowance of reasonable attorneys fees incurred during litigation of eminent domain proceedings which culminated in a jury award in excess of both the initial amount offered by the plaintiff condemnor and the amount awarded by the condemnation commissioners. We affirm.

The issue is clearly drawn. Does the Fifth Amendment of the United States Constitution or Article 1, § 13, of the Minnesota Constitution require that attorneys fees be awarded to the condemnee as an element of "just compensation" in eminent domain proceedings carried through to completion?

Defendants have advanced numerous arguments in support

of their contention in this appeal. However, the overwhelming majority of courts in this country has held that attorneys fees are not an element of "just compensation"[1] and thus may not be awarded to the condemnee unless authorized by appropriate legislation.[2]

Historically, in Minnesota attorneys fees, as a general rule, have not been allowed except where authorized by a contract between the parties or by statute. Midway Nat. Bank v. Gustafson, 282 Minn. 73, 82, 165 N. W. 2d 218, 224 (1968).

This court has also held that in eminent domain cases the allowance of costs and disbursements is purely statutory. State, by Burnquist, v. Miller Home Development, Inc. 243 Minn. 1, 7, 65 N. W. 2d 900, 903 (1954). That the Minnesota Legislature has considered attorneys fees in eminent domain cases as a legis-

---

[1] FEDERAL: Dohany v. Rogers, 281 U. S. 362, 50 S. Ct. 299, 74 L. ed. 904 (1930); United States v. 2,353.28 Acres of Land, 414 F. 2d 965 (5 Cir. 1969); United States v. 15.3 Acres of Land, 158 F. Supp. 122 (M. D. Pa. 1957).

STATE: County of Los Angeles v. Oritz, 6 Cal. 3d 141, 98 Cal. Rptr. 454, 490 P. 2d 1142 (1971); Leadville Water Co. v. Parkville Water Dist. 164 Colo. 362, 436 P. 2d 659 (1967); 9.88 Acres of Land v. State, 274 A. 2d 139 (Del. 1971); Bowers v. Fulton County, 227 Ga. 814, 183 S. E. 2d 347 (1971); State v. Davis, 499 P. 2d 663 (Hawaii 1972); State v. Holder, 295 N. E. 2d 799 (Ind. 1973); City of Ottumwa v. Taylor, 251 Iowa 618, 102 N. W. 2d 376 (1960); Gault v. Board of County Commrs. 208 Kan. 578, 493 P. 2d 238 (1972); State, Dept. of Highways, v. Salemi, 249 La. 1078, 193 So. 2d 252 (1966); City of Muskegon v. Slater, 379 Mich. 466, 152 N. W. 2d 652 (1967); Manchester Housing Authority v. Belcourt, 111 N. H. 367, 285 A. 2d 364 (1971); State, by Commr. of Transportation, v. Mandis, 119 N. J. Super. 59, 290 A. 2d 154 (1972); City of Buffalo v. J. W. Clement Co. 28 N. Y. 2d 241, 269 N. E. 2d 895 (1971); Lamar v. Urban Renewal Agency, 84 Nev. 580, 445 P. 2d 869 (1968); In re Condemnation of Property of Kling, 433 Pa. 118, 249 A. 2d 552 (1969); North America Realty Co. v. City of Milwaukee, 189 Wis. 585, 208 N. W. 489 (1926). Contra, Dade County v. Brigham, 47 So. 2d 602 (Fla. 1950).

[2] County of Los Angeles v. Oritz, supra; 9.88 Acres of Land v. State, supra.

lative matter is quite apparent from statutory provisions allowing attorneys fees only in certain specific instances.[3]

---

[3] Minn. St. 117.045 provides: "If a person successfully brings an action compelling an acquiring authority to initiate eminent domain proceedings relating to his real property which was omitted from any current or completed eminent domain proceeding, such person shall be entitled to petition the court for reimbursement for his reasonable costs and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred in bringing such action. Such costs and expenses shall be allowed only in accordance with the applicable provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 84 Stat. 1894 (1971), any acts amendatory thereof, any regulations duly adopted pursuant thereto, or regulations duly adopted by the state of Minnesota, its agencies or political subdivisions pursuant to law."

Minn. St. 117.105, subd. 2, provides: "If the commissioners fail to file their report within the time provided by the order appointing the commissioners, or within any extension of time to file granted by the court, any owner may upon motion, after due notice to the petitioner, have the proceedings set aside as to him; but, for cause shown, the court may extend the time for making their report. If the proceedings are set aside as to any individual owner, he shall be entitled to reimbursement for reasonable costs and disbursements including attorney's fees."

Minn. St. 117.195 provides: "All damages allowed under this chapter, whether by the commissioners or upon appeal, shall bear interest from the time of the filing of the commissioner's report or from the date of the petitioner's possession whichever occurs first. If the award is not paid within 70 days after such filing, or, in case of an appeal within 45 days after final judgment, or within 45 days after a stipulation of settlement, the court, on motion of the owner of the land, shall vacate the award and dismiss the proceedings as against such land. When the proceeding is so dismissed or the same is discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses including attorneys' fees."

Minn. St. 117.175, subd. 2, provides: "The court may, in its discretion, after a verdict has been rendered on the trial of an appeal, allow as taxable costs reasonable expert witness and appraisal fees of the owner, together with the owner's reasonable costs and disbursements. No expert witness fees, costs or disbursements shall be awarded to the petitioner regardless of who is the prevailing party."

We are not unmindful of the plight of the landowner who may be forced to obtain counsel to protect his rights when his property is condemned for public use. In every case, he is an involuntary party to the proceedings and, in many instances, is a reluctant litigant when he refuses to accept the state's offer or the award of the commissioners. Reform in this area appears long overdue. As a taxpayer, a landowner bears part of the expense of the very proceedings brought against him by the state, which includes representation on behalf of the state by the attorney general. Yet, the landowner must bear the cost of his own legal counsel. Appellants' arguments are eloquent and persuasive, but they should be directed to the legislature, not the courts.

Affirmed.