COUNTY OF FREEBORN, by Its County Attorney, Respondent,

v.

William H. BRYSON, et al., Appellants,

and

State of Minnesota, by William H. Bryson, et al., Appellants.

STATE of Minnesota, by Warren Spannaus, Its Attorney General, Intervenor,

v.

COUNTY OF FREEBORN, et al., Respondents.

No. 50214.

Supreme Court of Minnesota.

July 3, 1980.

Christian, Slen, Savelkoul, Johnson, Broberg & Kohl and Rolf O. Slen, Albert Lea, for appellants.

Paul G. Morreim, County Atty., Albert Lea, for respondent.

Heard before KELLY, YETKA, and SCOTT, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Appellants William H. and Arlene Bryson, landowners in this eminent domain proceeding, appeal from an order of the district court denying their motion for an award of costs and attorneys fees against respondent, County of Freeborn.

This matter has been before us on two prior occasions. Respondent originally brought an action to condemn land for a roadway through a marsh owned by appellants. However, in *County of Freeborn v. Bryson (Bryson I)*, 297 Minn. 218, 210 N.W.2d 290 (1973), and *County of Freeborn v. Bryson (Bryson II)*, 309 Minn. 178, 243 N.W.2d 316 (1976), appellants raised a successful defense of their action based on the Minnesota Environmental Rights Act, Minn.Stat. ch. 116B (1978). In *Bryson II*, we remanded the matter with instructions that judgment be entered in favor of appellants.

Upon entry of judgment in their favor, appellants brought the present motion for an award of costs and attorneys fees under Minn.Stat. § 117.195 (1978), seeking costs of $508.64 and attorneys fees of $17,500, in accordance with an affidavit submitted by Attorney Rolf O. Slen. The district court denied the motion, without taking evidence, upon the ground that such an award is not authorized by the statute. Appellants appeal from the order denying their motion. The sole issue on appeal is whether in an eminent domain proceeding a landowner, who obtains a judgment preventing the taking of the land in question by invoking ch. 116B, is entitled to an award of costs and attorneys fees under § 117.195.

■ Attorneys fees are allowed in eminent domain proceedings only where autho-

rized by statute. *City of Minnetonka v. Carlson*, 265 N.W.2d 205, 207 (Minn. 1978). *State, by Spannaus v. Carter*, 300 Minn. 495, 497, 221 N.W.2d 106, 107 (1974). Section 117.195 of the statute provides:

> All damages allowed under this chapter, whether by the commissioners or upon appeal, shall bear interest from the time of the filing of the commissioner's report or from the date of the petitioner's possession whichever occurs first. If the award is not paid within 70 days after such filing, or, in case of an appeal within 45 days after final judgment, or within 45 days after a stipulation of settlement, the court, on motion of the owner of the land, shall vacate the award and dismiss the proceedings as against such land. When the proceeding is so dismissed or the same is discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses including attorneys' fees.

■ The language of § 117.195 states that attorneys fees will be allowed in eminent domain cases (1) where the trial court dismisses the proceeding due to the failure of the condemnor to pay the award within the required time and (2) where the proceeding is "discontinued by the petitioner." The question before the court, therefore, is whether the clause "discontinued by the petitioner" is intended to allow attorneys fees only where there is a voluntary discontinuance or whether it also applies where the discontinuance is a result of a court determination that condemnation shall not lie under the Environmental Rights Act.

Section 117.195 has been in force in substantially the same form since 1905. Until recently, the power of eminent domain and the manner of its exercise lay almost entirely within the discretion of the condemnor. Since the property owner could not object to the location of a particular improvement, virtually the only objection that could be raised was that no valid public purpose was being served.

As we held in *Bryson I* and *Bryson II*, however, this situation was changed by pas-

sage of the Environmental Rights Act in the early 1970's. Appellants argue, therefore, that it is inconceivable that the legislature could have intended to allow attorneys fees where the condemnor itself determined it made a mistake and dismissed the condemnation proceeding but not to allow them where the court dismissed the condemnation on the basis of the legislature's direction to protect the state's natural resources.

Although we are sympathetic to appellants' position, we are bound by the statutory language. Nothing in § 117.195 allows for attorneys fees where the proceeding is discontinued by the court rather than the petitioner, for a reason other than delay in payment of the award. The fact that the provision specifically includes dismissal by the court for delay in payment is a clear indication that the legislature did not intend to include dismissal by the court on other grounds. Furthermore, if any such dismissal can be considered a "discontinuance" within the terms of the provision, the words "by the petitioner" become superfluous.

The purpose of § 117.195 also supports this conclusion. We noted in *State, by Mondale v. Nelson*, 267 Minn. 70, 73, 125 N.W.2d 166, 168 (1963), that the purpose of the statute was to "prevent condemning authorities from bringing successive proceedings with a view to discontinuing and relitigating those in which the awards appeared excessive." In the case at bar, there is no danger of relitigation because the county had been enjoined altogether from pursuing the condemnation. Courts in other states with similar statutes all have interpreted the authorization of attorneys fees to be limited to cases where the condemnor had voluntarily abandoned the proceeding. *See e.g., City of Los Angeles v. Abbott*, 217 Cal. 184, 17 P.2d 993 (1932) (cited in our opinion in *Nelson*); *Martineau*

*v. State Conservation Commission*, 54 Wis.2d 76, 194 N.W.2d 664 (1972); *Shuey v. Preston*, 172 Ohio St. 413, 177 N.E.2d 789 (1961).

In *Nelson*, we held that § 117.195 did not authorize an award of attorneys fees where the condemnation proceeding was dismissed by the court because of the petitioner's delay in pursuing the case. Although it could be said that the proceeding was not really "discontinued" because the state intended to renew and go forward with the petition, we specifically considered and rejected appellant's argument that the statute should not be literally construed to limit attorneys fees to cases where the state itself dismissed the proceeding.

Appellants express a legitimate concern over perceived unfairness in allowing attorneys fees where a condemnor itself chooses to abandon the proceeding but not where the court is the one that stops the condemnation. Such a policy does seem to place a burden on the landowner who successfully challenges a condemnation petition on the basis of the state's interest in the conservation of its natural resources.[1] But, we cannot go beyond the clear limitations of § 117.195 or ignore our *caveat* in *Carter*, where we noted that even though reform in this area is "long overdue," arguments for change must be directed to the legislature, not to the courts.

The trial court's denial of attorneys fees to appellants is accordingly affirmed.

Affirmed.

YETKA, Justice (dissenting).

The statute authorizes an award of costs and attorneys' fees where the trial court dismisses the proceeding due to the failure of the condemnor to pay the award within the required time or where the proceeding is "discontinued by the petitioner." The question before the court, therefore, in-

---

1. The burden, of course, is no greater than that on any person who with the help of legal counsel successfully defends against a lawsuit. Ex-

cept where specifically authorized by statute, no successful defendant is entitled to attorneys fees.

volves interpretation of the clause "discontinued by the petitioners." Does the statute intend to allow attorneys' fees only where there is a voluntary discontinuance or does it also apply where the discontinuance is a result of a court determination that condemnation shall not lie under the Environmental Rights Act?

The statute in question has been in force in substantially the same form since 1905. Until very recent times, the power of eminent domain and the manner of its exercise lay almost entirely with the discretion of the condemnor. Since the property owner could not object to the location of a particular improvement, virtually the only objection which could be raised was that no valid public purpose was being served.

As we held in both *Bryson I* and *Bryson II*, however, the rules have been greatly changed by the passage of the Environmental Rights Act in the early 1970's. We cannot conceive of the legislature intending to allow attorneys' fees in a situation where the condemnor itself determined it made a mistake and dismissed the condemnation proceedings and yet not to allow attorneys' fees in a proceeding where the court holds that the governmental body cannot condemn the land because of the legislature's direction to protect the state's natural resources.

Respondents cite our case of *State v. Nelson*, 267 Minn. 70, 125 N.W.2d 166 (1963) for the proposition that the statute does not contemplate attorneys' fees for a court-ordered dismissal. *Nelson* is distinguishable on two grounds. First, the court in that case found that the condemnation action would not in fact be abandoned but would very likely be recommenced. We said:

Appellant here argues that the statute should not be literally construed to limit attorneys' fees to those cases where the state has itself dismissed the proceedings. It is appellant's contention that the purpose of the statute is frustrated where the state fails to pursue a condemnation but refuses to dismiss because of its potential liability for attorneys' fees. While there would be force in this argument if the record compelled a finding that these proceedings had actually been abandoned, the evidence is all to the contrary. Although it is clear there have been delays, it is equally obvious that the state intends to go forward as expeditiously as possible.

267 Minn. at 73–74, 125 N.W.2d at 168. In this case, there is no way that the County of Freeborn can continue or recommence the condemnation proceedings against the appellant's land.

Secondly, the *Nelson* case was decided a decade before the Environmental Rights Act was even passed. I therefore accept the interpretation of the statute which makes common sense and hold that attorneys' fees and costs are collectible both in the situation of a voluntary dismissal of a condemnation proceedings by the condemnor and in the case where a court has held that condemnation will not lie. I also have in mind our recent case ordering the state to provide counsel for the indigent in paternity cases where the county attorney brings the proceedings on behalf of the state. In that case, we relied upon our supervisory power to insure the fair administration of justice. *Hepfel v. Bashaw*, 279 N.W.2d 342, 348 (Minn. 1979).

KELLY, Justice (dissenting).

I join the dissent of Justice Yetka.

WAHL, Justice (dissenting).

I join the dissent of Justice Yetka.

SCOTT, Justice (dissenting).

I join the dissent of Justice Yetka.