In re the Marriage of Borghild L. **CHRISTMAN**, a.k.a. Borghild E. Larsen, Petitioner, Respondent,

v.

James R. **CHRISTMAN**, Appellant.

No. C8–84–1583.

Court of Appeals of Minnesota.

Jan. 8, 1985.

Marilyn Michales, Doyle & Michales, Minneapolis, for respondent.

Nancy Zalusky Berg, Berg & Krehbiel, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and SEDGWICK, JJ.

## OPINION

PARKER, Judge.

This is an appeal from an order denying a motion to amend, modify or vacate a prior order continuing a temporary suspension of appellant James Christman's visitation rights and requiring him to pay attorney's fees and other costs. The parties were divorced in Indiana, but a jurisdictional dispute was resolved in favor of the Minnesota court. Appellant contends that the order awarding attorney's fees and costs denies him a hearing on the merits. We dismiss the appeal, as taken from a nonappealable order.

## FACTS

James Christman and Borghild Christman, now Borghild Larsen, were divorced in Fort Wayne, Indiana, on December 7, 1981. The settlement agreement between the parties, approved by the court, awarded custody to Borghild and allowed her permanently to remove their child, Robert Christman, then four years old, to Minnesota. Appellant James Christman was given visitation rights including eight weeks in the summer.

Following Robert's visit with his father in the summer of 1982, the child reported sexual abuse to his mother, who reported it to authorities in Fort Wayne, Indiana. Borghild then petitioned in Allen County, Indiana, for a suspension of James' visitation rights. However, she later moved for and obtained an order dismissing the Indiana motion. She then brought a similar motion in Rice County, Minnesota, includ-

ing a request for attorney's fees and costs and the cost of therapy for Robert.

Following a hearing on May 27, 1983, at which James was represented by an attorney solely for the purpose of contesting jurisdiction and at which Borghild presented her own testimony and that of the child's therapist relative to the alleged sexual abuse by James Christman, the Minnesota court, asserting temporary jurisdiction, issued an order temporarily suspending his visitation. The court also ordered an investigation of the sexual abuse allegations by the Rice County Welfare Department and provided as follows:

> Prior to any final determination regarding Respondent's visitation rights, Respondent shall be afforded the opportunity to appear and testify on his own behalf and call witnesses.

In January 1984 Borghild brought a motion for a determination of the jurisdictional question and for a permanent termination of visitation rights. A hearing was held on February 1, 1984. James again did not appear but was represented by counsel.

Following the February hearing and after the Indiana court declined jurisdiction, the Rice County court accepted jurisdiction and granted the following relief:

1) incorporating the court order of June 7, 1983;

2) ordering the payment of attorney's fees and costs by James Christman, including the costs of therapy; and

3) giving James Christman 60 days to petition for a redetermination.

James did petition for a redetermination, claiming there was no statutory provision allowing the award of costs, the substantive issues had not been litigated, and that the court was, in effect, finding wrongful conduct on his part.

The trial court denied the motion to amend or modify the order and ordered payment of a certain sum in attorney's fees and costs and an undetermined amount for the cost of the child's therapy. There has been no entry of judgment in any amount.

## ISSUE

Is the order awarding attorney's fees and costs of therapy an appealable order?

## ANALYSIS

Right of appeal from the order is claimed pursuant to Rule 103.03(e) of the Minnesota Rules of Civil Appellate Procedure, which permits appeal

> from an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken * * *.

The July 23 order, however, directs only the payment of a certain sum for attorney's fees and an undetermined amount for costs of therapy. It neither prevents entry of judgment for the attorney's fees nor finally determines James' visitation rights, which remain temporarily suspended under prior orders.

An order denying attorney's fees in a condemnation proceeding was held appealable in *State v. Nelson*, 267 Minn. 70, 125 N.W.2d 166 (1963). In *Nelson*, however, the action had been dismissed as to the party denied attorney's fees. The court relied on the statute then governing rights of appeal, Minn.Stat. § 605.09(3) (repealed 1963), allowing appeal from an order involving the merits of some part of the action. The corresponding provision of Rule 103.03, however, has been deleted.

■ An order granting or refusing costs to a party is generally not reviewable except upon appeal from the judgment. *Minnesota Valley R. Co. v. Flynn*, 14 Minn. 421 (1869). An appeal may be taken in some cases if judgment has been entered separately on the costs awarded. *See Salo v. Duluth & Iron Range R.R. Co.*, 124 Minn. 361, 145 N.W. 114 (1914) (judgment for costs accruing before settlement and excluded from it was appealable). Neither is the case here.

Appellant's theory is that the order for attorney's fees and costs, particularly for the cost of therapy, is based on the assumption that the charges of sexual abuse are true and therefore denies him a hearing

on that issue. However, James does not show how this prevented his obtaining a hearing on the issue prior to a final determination of his visitation rights. The June 1983 order, specifically incorporated into the later order, reserved him the right to an evidentiary hearing on this issue.

Appellant's remedy is not an appeal from the order awarding costs and attorney's fees but, rather, a demand for the evidentiary hearing on the merits to which he is entitled. He has been in a position to request such a hearing for a year and a half. If he feels that the trial court has prejudged his guilt or innocence of the charges made against him, he has adequate protection to ensure a hearing presided over by an impartial trial judge. *See* Minn.R.Civ.P. 63.03.

Thus, the order for costs did not finally determine the action or any part of it, nor did it prevent a judgment from which an appeal might have been taken. *See* Minn. R.Civ.App.P. 103.03(e). Appeal from interlocutory orders such as the order appealed from here only invites intrusion into the trial court process and causes delay and increased costs to the litigants, further exacerbating the pain involved in dissolution cases such as this.

### DECISION

The order for attorney's fees and the cost of therapy is not an appealable order.

Dismissed.