**Nyle SIPE, et al., Appellants,**

**Bruce Arens, Plaintiff,**

v.

**Thomas J. KALITOWSKI as Director of the Minnesota Pollution Control Agency, Joseph Alexander, as Commissioner of the Minnesota Department of Natural Resources, City of Greenfield, Respondents.**

**CITY OF GREENFIELD, Petitioner, Respondent,**

v.

**Nyle Z. SIPE, et al., Appellants,**

**Federal Land Bank of St. Paul, Commodity Credit Corporation, Respondents.**

No. C6–86–288.

Court of Appeals of Minnesota.

July 29, 1986.

Review Denied Sept. 24, 1986.

review *Robinson.*

Leland S. Watson, Minneapolis, for appellants.

Hubert H. Humphrey, III, Atty. Gen., Alan R. Mitchell, Asst. Atty. Gen., Roseville, for Thomas J. Kalitowski as Director of the Minnesota Pollution Control Agency.

Hubert H. Humphrey, III, Atty. Gen., Augustus W. Clapp, III, Sp. Asst. Atty. Gen., St. Paul, for Joseph Alexander, as Commissioner of the Minnesota Dept. of Natural Resources.

Jeffrey A. Carson, Minneapolis, for City of Greenfield.

Charles Orem, St. Paul, for Federal Land Bank of St. Paul.

Commodity Credit Corporation, pro se.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

After the trial court consolidated two cases, the first an environmental action brought by appellant landowners against respondent City of Greenfield, and the second a condemnation action brought by the city against the owners, the city discontinued the condemnation action. The parties then stipulated to the dismissal of all claims except for the amount of attorneys' fees appellants could recover. The trial court awarded fees incurred in defense of the condemnation action but denied recovery of fees incurred in pursuit of the environmental action. We reverse.

## FACTS

On June 5, 1984, respondent City of Greenfield passed a motion to proceed by eminent domain to take real estate owned by appellants Nyle and Marian Sipe and Dale Barlage, vendors and vendee of the parcel. Respondent planned to build a sewage treatment facility on the property.

One week later, appellants brought suit in district court to enjoin respondent from proceeding with the taking. Appellants alleged that respondent failed to comply with environmental regulations as required by the Minnesota Environmental Rights Act (MERA). *See* Minn.Stat. §§ 116B.01 —116B.13 (1984).

Respondent formally petitioned the court to order the taking of appellants' land by eminent domain in October 1984. A few weeks after this petition was filed, the trial court ordered the consolidation of the two cases "for all purposes."

In early 1985, respondent learned that it could utilize an existing sewer line and thus obviate its need for the new treatment facility. The city discontinued the eminent domain proceeding against appellants in March 1985. The parties then stipulated to a dismissal with prejudice. The stipulation did not address either the merits of appellants' challenge under the MERA or whether that challenge was an additional factor in respondent's decision to abandon the eminent domain proceedings.

The parties stipulated to facts on all claims in both cases except for the amount of attorneys' fees appellants could recover. They agreed that appellants incurred $59,414.53 in attorneys' fees in pursuit of their environmental action and $7500 in defense of the condemnation action. On the grounds that the relevant statute provides only for the recovery of attorneys' fees in eminent domain proceedings, the trial court disallowed recovery of the $59,414.53 and entered judgment for the landowners in the amount of $7500. The landowners appeal.

## ISSUE

Did the trial court err in denying attorneys' fees incurred in the environmental action?

## ANALYSIS

■ Attorneys' fees are allowed in eminent domain proceedings only where authorized by statute. *County of Freeborn v. Bryson*, 294 N.W.2d 851, 852 (Minn.1980). The relevant statute provides:

When the proceeding is dismissed for nonpayment or discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses including attorneys' fees. In the discretion of the court, the owner may also recover from the petitioner reasonable costs and expenses, including attorneys' fees, if a condemnation proceeding is dismissed because a court has held that condemnation shall not lie based on a challenge made under the Minnesota Environmental Rights Act.

Minn.Stat. § 117.195, subd. 2 (1984).

In denying recovery of the attorneys' fees incurred by appellants in the environmental action, the trial court used a two-step analysis. First, it took note of the statute's provision for attorneys' fees when

a condemnation proceeding is dismissed by the court because of a successful challenge under the MERA. Second, the trial court reasoned that the authorization for recovery of fees would not cover a case where the merits of the MERA challenge remained undecided. In support, the trial court cited *City of Thief River Falls v. Swick*, 296 Minn. 508, 207 N.W.2d 356 (1973).

Prior to 1982, landowners could only recover attorneys' fees in eminent domain actions when the proceeding was dismissed due to nonpayment or when the petitioner voluntarily discontinued the action. In 1980, the supreme court expressed concern

over perceived unfairness in allowing attorneys fees where a condemnor itself chooses to abandon the proceeding but not where the court is the one that stops the condemnation. Such a policy does seem to place a burden on the landowner who successfully challenges a condemnation petition on the basis of the state's interest in the conservation of its natural resources.

*Bryson*, 294 N.W.2d at 853. The court further held that it could not go beyond the clear limitations of the controlling statute and that even though reform in the area was "long overdue," arguments for change must be directed to the legislature, not the courts. *Id.* (citing *State, by Spannaus v. Carter*, 300 Minn. 495, 499, 221 N.W.2d 106, 108 (1974)). In response, the legislature added the language now found in the second sentence of Minn.Stat. § 117.195, subd. 2 to permit recovery of attorneys' fees when a landowner raises a successful defense against an eminent domain action under the MERA. *See* 1982 Minn. Laws, ch. 601, § 1.

We agree with the trial court's analysis of appellants' rights to attorneys' fees under the provision added by the 1982 amendment. The trial court had made no holding that appellants' separate environmental action was a basis for the eventual dismissal of the condemnation action. Without a successful challenge to the condemnation

proceedings under MERA, appellants may not invoke the second clause of section 117.195 subdivision 2.

Moreover, the trial court properly gave serious attention to *Swick*.[1] There are several factual similarities between *Swick* and the present case. In both cases the city began condemnation proceedings to acquire land for a sewage treatment facility but ultimately abandoned the condemnations. In *both* cases the landowners incurred additional attorneys' fees because they initiated separate actions against the city in response to the condemnation proceedings. The applicable statutes in both cases permit recovery of fees when the petitioner discontinues the eminent domain proceeding. Finally, the dismissal of the condemnation proceedings in both cases also resulted in dismissal of the ancillary actions.

In *Swick*, the landowners sought mandamus relief in an inverse condemnation action to recover for damage to property adjacent to parcels sought in an earlier condemnation action. The court in *Swick* first noted that the relevant statute applied only to direct condemnation proceedings. Because no mandamus order was granted there in the inverse condemnation case, it could not be said, the court held, that there had been a dismissal of any effort to take the value of the adjacent parcels, and thus the court denied recovery of the attorneys' fees incurred in the separate action. *Swick*, 296 Minn. at 509, 207 N.W.2d at 357.

As in *Swick*, the statute in this case applies only to a pending condemnation proceeding. Just as no inverse condemnation decision had been made in *Swick*, no injunction issued here in the environmental action. In addition, because appellants' injunctive suit was dismissed, the 1982 amendment to the statute permitting recovery for successful challenges under MERA is inapplicable.

Nevertheless, we conclude that *Swick* is not dispositive here, and also that the inapplicability of the MERA provision is dispos-

---

1. *Swick* dealt with an earlier and almost identical enactment of the language now found in the first sentence of Minn.Stat. § 117.195, subd. 2. *See Swick*, 296 Minn. at 509, 207 N.W.2d at 357.

itive. For several reasons, we are convinced that the fees incurred in appellants' environmental action are recoverable under the original language of the statute, independent of the language added in 1982.

■ First, we do not agree that the 1982 clause alone governs in every case where fees are incurred in MERA proceedings. To the contrary, we see the amendment as a clause designed to add the award of fees to certain cases involving final dispositions against the interests of the taking authority, leaving undisturbed the notion that fees are awarded for voluntary dismissals.

■ Second, a critical difference between *Swick* and the present case is that the trial court here consolidated for all purposes appellants' environmental action and respondent's condemnation action almost immediately after the condemnation case was begun. Thereafter, the two cases were treated as united proceedings by all parties and by the court. The consolidation integrated the proceedings such that any eventual disposition of the condemnation action would unavoidably be affected by the environmental action. *See* Minn.R. Civ.P. 42.01 (provides for consolidation of cases involving a common question of law or fact). Indeed, respondent's voluntary dismissal of its demand for taking appellants' land coincided with the stipulated dismissal of the entire proceeding. Thus, unlike *Swick*, the discontinuance of the condemnation proceedings here was dispositively related to the land involved in the ancillary action.

■ Third, we agree with appellants' contention that, given the makeup of these proceedings, the MERA case was actually a form of defense to the condemnation proceedings. This is another significant difference from *Swick*. The additional attorneys' fees resulted here from appellants' suit to retain their ownership of the land respondent wanted to condemn. In *Swick*, however, the landowners incurred additional attorneys' fees in an inverse condemnation action they brought in mandamus to compel the city to award additional damages in compensation for the decreased value of property they owned that lay adja-

cent to the land taken for the sewage treatment facility. As such, the ancillary action in *Swick* did not involve a defense to the municipality's taking of the other piece of property. In contrast, we are here unable to disregard the immediate relationship between the fees incurred in the MERA case and those resulting from the condemnation proceedings.

We limit our holding in this case to circumstances involving the early consolidation of the two actions into a single case. We specifically withhold any determination of whether, absent such a consolidation, the authority for awarding fees would lie solely in those cases qualifying under the second sentence of Minn.Stat. § 117.195, subd. 2. It is for the legislature to resolve conflicting public policy views on expansion of court authority to pay attorneys' fees incurred in all separate environmental proceedings.

## DECISION

The trial court erred in denying recovery of attorneys' fees for all aspects of the related actions. Judgment is ordered for appellants in the amount of $66,914.53 plus applicable interest.

Reversed.