OPUS NORTHWEST, L.L.C., a
Delaware limited liability
company, Respondent,

v.

MINNEAPOLIS COMMUNITY
DEVELOPMENT AGENCY,
Appellant,

City of Minneapolis, Minnesota,
Respondent.

No. C9–99–527.

Court of Appeals of Minnesota.

Sept. 21, 1999.

Douglas A. Kelley, John M. Lee, Steven E. Wolter, Douglas A. Kelley, P.A., Minneapolis, MN; and James S. Holmes, Sean D. Kelly, Holmes & Associates, Minneapolis, MN; and Leland J. Frankman, Minneapolis, MN; and Regina M. Chu, Regina M. Chu, P.A., Minneapolis, MN (for respondent Opus Northwest, L.L.C.)

John M. LeFevre, Jr., Robert A. Alsop, Kennedy & Graven, Chartered, Minneapolis, MN; and Michael L. Schwab, Development Counsel, Minneapolis Community Development Agency, Minneapolis, MN (for appellant Minneapolis Community Development Agency)

Jay Heffern, Minneapolis City Attorney, Michael Norton, Deputy City Attorney, James A. Moore, Assistant City Attorney, Minneapolis, MN (for respondent City of Minneapolis)

Considered and decided by DAVIES, Presiding Judge, WILLIS, Judge, and SHUMAKER, Judge.

## OPINION

DAVIES, Judge.

Appellant challenges the district court's denial of its motion for attorney fees. We affirm in part, reverse in part, and remand.

## FACTS

Appellant Minneapolis Community Development Agency filed a petition to condemn property belonging to respondent Opus Northwest, L.L.C. In response, respondent filed a suit against the City of Minneapolis and appellant, challenging both the formation of a tax increment financing (TIF) district to finance the project and the alleged statutory public purpose for acquiring the property, which is located along Nicollet Mall in downtown Minneapolis.

The condemnation suit and respondent's suit, although not formally consolidated, were tried together, and issues from both suits were often dealt with in single motions by the parties and in single orders by the court. Appellant prevailed in both suits.

Appellant then moved for attorney fees, arguing that it was statutorily entitled to fees and costs. The district court denied the motion, reasoning that condemnation law does not allow a condemning authority to recover fees and that respondent's suit was simply a defense to appellant's condemnation action. This appeal followed.

## ISSUE

Did the district court abuse its discretion by denying appellant's motion for attorney fees?

## ANALYSIS

■ Attorney fees are allowed only if provided for by statutory or contractual provision. *Fownes v. Hubbard Broad., Inc.*, 310 Minn. 540, 542, 246 N.W.2d 700, 702 (1976). Interpretation of a statute is a question of law reviewed de novo. *In re Estate of Palmen*, 588 N.W.2d 493, 495 (Minn.1999). A district court's decision regarding attorney fees is not reversed absent an abuse of discretion. *Carlson v. Mutual Serv. Cas. Ins. Co.*, 527 N.W.2d 580, 584 (Minn.App.1995), *review denied* (Minn. Apr. 27, 1995).

■ The parties agree that fees are not generally allowed under condemnation law. *See* Minn.Stat. § 117.195, subd. 2 (1998) (allowing fee shifting in certain situations, but not here); *City of Minnetonka v. Carlson*, 265 N.W.2d 205, 207 (Minn. 1978) (fees allowed in condemnation action only when authorized by statute).

■ In contrast, Minn.Stat. § 469.1771, subd. 1(a) (1998), relating to tax increment financing, provides that:

> The owner of taxable property located in the city, town, school district, or county in which the tax increment financing district is located may bring suit for equitable relief or for damages, as provided in subdivisions 3 and 4, arising out of a failure of a municipality or authority to comply with the provisions of sections 469.174 to 469.179, or related provisions of this chapter. The *prevailing party* in a suit filed under the preceding sentence is *entitled to costs, including reasonable attorney fees.*

(Emphasis added.) Thus, as the "prevailing party" in respondent's TIF challenge, appellant normally would be "entitled to costs, including reasonable attorney fees."

■ The district court denied appellant's motion for fees regarding both the condemnation-related portion of the litigation and the TIF-related portion of the litigation because it applied condemnation law, relying on *Sipe v. Kalitowski*, 390 N.W.2d 910 (Minn.App.1986), *review denied* (Minn. Sept. 24, 1986). In *Sipe*, the government petitioned to condemn property, and the property owners brought a countersuit against the government for failure to comply with the Minnesota Environmental Rights Act (MERA). 390 N.W.2d at 912. The *Sipe* court reasoned that fees for the MERA claim were governed by condemnation law because "the MERA case was actually a form of defense to the condemnation proceedings." *Id.* at 912, 914. In addition, the court limited its holding to "circumstances" involving the early consolidation of the two actions into a single case. *Id.*

This case is distinguishable from *Sipe* because respondent filed a separate TIF suit, which was never formally consolidated with the condemnation proceeding, and, although a taxpayer is allowed to sue the taxing body for failure to comply with TIF statutes, the suing taxpayer is assigned the risk of an award of fees and costs if it

does not prevail. Minn.Stat. § 469.1771, subd. 1(a).

■ Furthermore, the TIF challenge here did not share a common question of law or fact with the condemnation action. The TIF claim only challenged appellant's ability to tax. Generally, challenges to a condemnation proceeding involve a challenge to the public purpose supporting the taking or a challenge to the amount of compensation for the taking. *See* Minn. Const. art. I, § 13; *County of Dakota v. City of Lakeville*, 559 N.W.2d 716, 719 (Minn.App.1997); *Wegner v. Milwaukee Mut. Ins. Co.*, 479 N.W.2d 38, 40 (Minn. 1991); *McShane v. City of Faribault*, 292 N.W.2d 253, 257 (Minn.1980). Here, however, respondent attempted a collateral attack on the condemnation proceeding by challenging the method by which the city sought to raise the money needed to finance the development. *See Minneapolis Community Dev. Agency v. Opus Northwest, L.L.C.*, (*In re Condemnation by Minneapolis Community Dev. Agency*), 582 N.W.2d 596, 601–02 (1998) (property owner challenged city's condemnation of its property for redevelopment project and brought separate civil taxpayer action challenging use of TIF money for project), *review denied* (Minn. Oct. 29, 1998).

Respondent argues that, if it had proved appellant violated the TIF laws, then appellant could not raise the money to compensate respondent for its property, appellant's alleged public purpose would be unattainable, and the condemnation would then become defective. *See Minnesota Canal & Power Co. v. Fall Lake Boom Co.*, 127 Minn. 23, 32, 148 N.W. 561, 564 (1914) (cannot take property if circumstances prevent petitioner from being "enabled to perform some public service" with the property). But cases involving attainability of a public purpose deal with the ability to put property to a public use, not with the ability to pay for the property. *See, e.g., id.* at 32–33, 148 N.W. at 564 (taking of property invalid because could not use

property for alleged public purpose without illegally draining waterway). Respondent did not argue in connection with its TIF claim that appellant could not use the property to fulfill its development plan.

■ Although fees would not generally be allowed in the condemnation suit, here respondent, as part of its opposition to the condemnation, chose to challenge the use of TIF financing. The fees provision of section 469.1771 should, therefore, have been applied.

We reverse and remand, with instruction to the district court to award appellant fees attributable to the TIF portion of the litigation. Respondent cannot litigate the TIF issue and escape the legislature's direction to shift costs and fees to the unsuccessful challenger. But respondent's public purpose issue could legitimately have been raised in the condemnation proceeding, and it is, therefore, improper to levy fees against respondent for its public purpose challenge.

## DECISION

While the district court correctly denied fees for the portion of the litigation involving the condemnation issues, respondent's challenge to the TIF financing included issues beyond the scope of the condemnation action. Condemnation law governs fees in those claims that were valid defenses to the condemnation action, but TIF law entitles appellant to fees attributable to TIF claims that were not direct defenses to the condemnation action.

**Affirmed in part, reversed in part, and remanded.**