Harlan ANDERSON, Appellant,

v.

**CITY OF COKATO, a Minnesota municipal corporation, Respondent.**

No. C3–01–265.

Court of Appeals of Minnesota.

July 17, 2001.

Review Denied Sept. 25, 2001.

Larry J. Peterson, Larry J. Peterson & Associates, St. Paul, MN, (for appellant).

George C. Hoff, Paula A. Callies, Hoff, Barry & Kuderer, P.A., Eden Prairie, MN, (for respondent).

Considered and decided by HARTEN, Presiding Judge, PARKER and FOLEY, Judges.[*]

## OPINION

PARKER, Judge

Appellant Harlan Anderson challenges the district court's determination that Minn.Stat. § 117.195, subd. 2 (2000), did not provide a remedy for appellant when the condemning authority changed its purpose for condemning appellant's former land. We affirm.

## FACTS

Respondent City of Cokato petitioned for condemnation of appellant Harlan Anderson's entire tract of real estate for the purpose of storm water management. Respondent then amended the petition to include the purpose of economic develop-

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

ment. At a later hearing, respondent again amended the petition eliminating the purpose of economic development. On April 5, 1996, the district court granted the condemnation petition, giving respondent approval to condemn appellant's property for storm water management purposes. The court-appointed commissioners awarded appellant $40,000 in damages. Anderson appealed to the district court, and after trial, he received $83,500 in damages and costs, and $18,575.93 in interest. Respondent received possession and title to appellant's property on July 17, 1997. Respondent satisfied the judgment on April 20, 1998.

During the condemnation proceedings, respondent approved the hiring of a technical assistance person to develop a grant application for the construction of a water tower. On April 13, 1998, respondent hired a person to write a grant application for a new water tower. In September 1998, the city decided to build the water tower on what was formerly appellant's land.

In August 2000, appellant sued under Minn.Stat. § 117.195, subd. 2 (2000), to recover attorney fees and costs associated with the condemnation of his property. Appellant alleged that respondent discontinued its condemnation action when it decided to build the water tower on his former land. The district court granted summary judgment in favor of respondent. This appeal follows.

## ISSUE

Is a condemnation considered discontinued under Minn.Stat. § 117.195, subd. 2 (2000), upon condemnor's subsequent change in purpose for the use of the acquired land?

## ANALYSIS

On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). This court must "view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). Appellant contends that there is a material fact in dispute because respondent denies changing its purpose for condemning appellant's land. Because we review the evidence in the light most favorable to appellant, we will accept that respondent changed its purpose for condemning appellant's former land.

"Attorneys' fees are allowed in eminent domain proceedings only where authorized by statute." *Sipe v. Kalitowski*, 390 N.W.2d 910, 912 (Minn.App.1986) (citation omitted), *review denied* (Minn. Sept. 24, 1986). The interpretation of a statute is a question of law that this court reviews de novo. *Opus N.W., L.L.C. v. Minneapolis Cmty. Dev. Agency*, 599 N.W.2d 582, 583 (Minn.App.1999).

Appellant requests attorney fees and costs from the condemnation of his property based on Minn.Stat. § 117.195, subd. 2 (2000), which provides that

[w]hen the proceeding is dismissed for nonpayment or discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses including attorneys' fees.

This eminent domain proceeding was not dismissed because the condemnor made full payment on the judgment and the landowner accepted payment. Moreover, the hearing was not discontinued because the entire tract was taken and respondent gained possession and title. From a plain reading of the statute, appellant is not

entitled to attorney fees and costs based on section 117.195, subd. 2.

■ Despite the plain language of the statute, appellant requests that our court interpret the phrase "discontinued by the petitioner" to provide a remedy when the condemning authority uses the property for a purpose different from that announced in the petition for condemnation. A similar extension of the definition of Minn.Stat. § 117.195, subd. 2 was sought in *County of Freeborn v. Bryson,* 294 N.W.2d 851 (Minn.1980). In *Bryson,* landowners in an eminent domain proceeding argued that the phrase "discontinued by the petitioner" should be extended to situations where the district court discontinues the hearing based on the Environmental Rights Act. *Id.* at 852. The supreme court stated that it was "sympathetic" to the landowners' position but refused to "go beyond the clear limitations of section 117.195." *Id.* at 853. Here, as in *Bryson,* there is nothing in the statutory language providing appellant the remedy he requests.

Appellant fails to cite authority that supports extending the plain statutory language of section 117.195 to include situations where the condemning authority changes its purpose for property it has acquired by eminent domain. *See Tereault v. Palmer,* 413 N.W.2d 283, 286 (Minn.App.1987) (stating "the task of extending existing law falls to the supreme court or the legislature but it does not fall to this court"), *review denied* (Minn. Dec. 18, 1987).

## DECISION

■ The plain language of Minn.Stat. § 117.195, subd 2 (2000), does not provide a remedy when, after the judgment has been satisfied, the condemning authority changes its purpose for property taken by eminent domain.

**Affirmed.**