STATE of Minnesota, By Warren SPANNAUS, its Attorney General, petitioner, Respondent,

v.

B. J. CARNEY, et al., Defendants.

STATE of Minnesota, petitioner, Respondent,

v.

HOWE, INC., Appellant.

No. 81–66.

Supreme Court of Minnesota.

Sept. 4, 1981.

Rehearing Denied Oct. 23, 1981.

Russell, Russell & McLeod and James H. Russell, Golden Valley, for appellant.

Warren Spannaus, Atty. Gen. and Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

OTIS, Justice.

This is an appeal from an order in a condemnation action denying the motion of respondent Howe, Inc. ("Howe") to grant interest from the date of the State's possession, April 17, 1972, to the date the trial court entered judgment, October 3, 1980, at a rate higher than that provided for by statute, and to adjust the condemnation verdict to reflect the change in the value of the dollar between 1972 and 1980. The trial court was of the opinion that it did not have the authority to grant the requested relief.

The facts are not disputed. Howe was the owner of 209,799 square feet of improved industrial property located in the City of Brooklyn Center. In 1972, the State acquired a portion of Howe's property, 1557 square feet for a temporary easement and 10,000 square feet in fee, to construct a bridge.

The State took possession of the property on April 17, 1972, pursuant to Minn.Stat. § 117.042 (1980). The commissioners awarded $79,000 for the property on December 20, 1973. Partial payments of $17,175 and $22,825 were made by the State on February 6, 1974, and March 12, 1979, respectively. Both parties appealed the commissioner's award.

After protracted good faith negotiations, the case was tried in September of 1980 and a verdict of $139,650 was rendered on October 3, 1980.

On appeal, Howe contends that the court has the power to determine the rate of interest applicable to condemnation awards and that the statutory interest rate of six percent, Minn.Stat. § 334.01(1) (1980), does not satisfy the requirements of just compensation guaranteed by Minn.Const. art. I § 13. We agree that the determination of the rate of interest on condemnation awards is a judicial decision. We therefore remand the case to the trial court to resolve the issue of whether interest of six percent satisfies the requirements of just compensation.

We have long recognized that interest on a condemnation award from the time of the taking of possession until the time of payment is an element of just compensation. In *Warren v. First Division St. P. & P. R. R. Co.*, 21 Minn. 424 (1875), this court stated:

[W]e think that, generally, it is necessary, to allow interest from the date of the award, to give the owner just compensation. While the assessed value, if paid at the date taken for the assessment might be just compensation, it certainly would not be, if payment be delayed, as might happen in many cases, and as it did happen in this case, till several years after that time. The difference is the same as between a sale for cash in hand, and a sale on time.

*Id.* at 427; *see also, Ford Motor Co. v. City of Minneapolis*, 143 Minn. 392, 395, 173 N.W. 713, 715 (1919).

On remand the trial court must determine the rate of interest required to give the landowner "the market value of the property at the time of taking contemporaneously paid in money." *Minneapolis-St. Paul Sanitary District v. Fitzpatrick*, 201 Minn. 442, 449, 277 N.W. 394, 398 (1937) (quoting *Olson v. United States*, 292 U.S. 246, 255, 54 S.Ct. 704, 708, 78 L.Ed. 1236, 1244 (1933)) (emphasis added). The landowner is entitled to that return which would have been available if the landowner had been timely paid and had made reasonable and prudent investments. We note that the return which satisfies the requirements of just compensation may be more, less, or equal to the return allowed by statute.

Reversed and remanded.