**Harry A. FINE and Betty L. Fine on behalf of themselves and all others similarly situated, Respondents,**

**v.**

**CITY OF MINNEAPOLIS, etc., et al., Respondents,**

**v.**

**HENNEPIN COUNTY, third party defendant, Appellant.**

**No. C8–84–2085.**

Court of Appeals of Minnesota.

May 28, 1985.

Review Granted Aug. 20, 1985.

Edward F. Rooney, Minneapolis, for Fine, et al.

Allen B. Hyatt, County Attorney's Office, Minneapolis, for City of Minneapolis.

Richard T. Todd, Civ. Div., Minneapolis, for Hennepin County.

Heard, considered, and decided by CRIPPEN, P.J., and PARKER and WOZNIAK, JJ.

## OPINION

WOZNIAK, Judge.

Hennepin County, Jack M. Provo, Hennepin County District Court Administrator, and Wayne A. Johnson, Hennepin County Treasurer appeal from two separate summary judgments. The first determined that appellants Provo and Johnson were liable to respondents for interest which had accrued on money deposited with the county pursuant to the "quick take" condemnation statute, Minn.Stat. § 117.042 (1984). The City of Minneapolis had taken the properties between August 1, 1971 and July 31, 1976. The second summary judgment awarded prejudgment interest which had accrued between 1976 and 1984.

The Fines seek review of the judgment insofar as it denies their claim against the City of Minneapolis, the condemnor. We dismiss as to the Fines and remand for the trial court's further consideration of the posture of the class action.

## FACTS

This is a class action brought on behalf of landowners whose properties were taken by the City of Minneapolis between August 1, 1971 and July 31, 1976 pursuant to Minn. Stat. § 117.042, the "quick take" condemnation statute. The class consists of parties having interest in seventeen parcels of property. Harry A. Fine and Betty L. Fine are the representatives of the class. *The limited record of facts relates only to the Fines' actions at the time of the "quick take."*

By order dated December 1, 1975, the district court authorized the City to take title and immediate possession of the Fines' property and required it to deposit (which it did) an amount equal to the City's appraised value of the property ($55,000).

Four months later, the Fines and the City of Minneapolis entered into a written stipulation. The parties agreed, inter alia, that the Fines would retain possession, paying monthly rent to the City. The City waived rental payment for the first four months after the quick take order; from April 1, 1976 until the final commissioner's award, the rent was set at 1% of $55,000 or $550. The City also agreed to allow the Fines to retain possession after the final award—using moveable fixtures owned by the City—on a month-to-month basis at 1% of said amount. And, when the time came for relocation, the City would pay all costs associated therewith. The Fines were required to deliver a warranty deed and a quit claim deed from their tenant, Radio City Florist. They were responsible for only those taxes and assessments payable in 1975. Finally, the Fines specifically rejected the appraised valuation of their property and preserved their statutory right to full condemnation proceedings (i.e., a hearing before court-appointed commissioners who would make and file their award) and preserved all rights to appeal from that award.

As stated on March 31, 1976, the trial court approved the stipulation and ordered the sum of $55,000 be paid to the Fines and their tenant, Radio City Florist, Inc., and First Produce Bank of Minneapolis.

The prepared order approving the stipulation and ordering payment reveals that the Fines made a claim for interest in March 1976. The proposed order contained the typed words "and accrued interest from December 1, 1975." These words were stricken with a pen by the trial court and initialed.

On June 30, 1976, the property owners brought suit against Hennepin County and the City of Minneapolis to recover interest, which had accrued between December 1, 1975 and March 31, 1976, on the funds deposited by the City with the Clerk of Hennepin County District Court.

There is no evidence of the reason the Fines failed to seek immediate distribution of the funds deposited by the City and held

by the Clerk of District Court, except to negotiate favorable concessions from the City. Some owners did petition and receive their money within one, two or three days.

The Fines moved for the first summary judgment on April 4, 1984. The record reveals no explanation for the Fines' failure to pursue their interest claim for eight years.

By order dated April 11, 1984, the trial court determined that Provo and Johnson were liable for interest at 6% per annum on the money deposited with the District Court for the four-month period. The City of Minneapolis was dismissed with prejudice from the proceedings. The court delayed setting the amount of judgment until the plaintiffs proved their individual claims as to times of deposit and disbursement of funds.

By order dated August 9, 1984, the court set the interest payment at $55,159.22. Further, it awarded $41,562.50, representing interest which had accrued on the $55,-159.22 award from 1976 to 1984 (interest upon interest).

## ISSUES

1. Are Hennepin County, its Clerk of District Court, and its Treasurer liable for interest on condemnation funds deposited pursuant to the "quick take" statute prior to August 1, 1976?

2. Is the City of Minneapolis, as condemnor, liable for interest when it deposits money pursuant to the "quick take" statute and the funds are not disbursed until a later date?

3. Is an award of prejudgment interest (here, interest upon interest) erroneous?

## ANALYSIS

### I.

■ Chapter 117 of the Minnesota Statutes provides for the orderly condemnation of property. If, however, a condemnor desires immediate title and possession, the

statute provides for a "quick take".[1] This procedure does not in any way limit the owner's rights under chapter 117 of the Minnesota Statutes.

On December 1, 1975, the City deposited $55,000 with the court—a sum equal to the appraised value of the Fines' property. The City received title and the right to immediate occupancy. The Fines, however, did not elect to receive the money until March 31, 1976, after they had negotiated very favorable terms with the City as recited in the Facts.

The trial court ordered the County to pay $55,159.22, representing the total amount of interest, computed at 6%, owing for the periods when the funds were on deposit with the Clerk of District Court. In holding the County responsible for the payment of interest, the lower court either determined that the County had a statutory duty to make the interest payment, or a constitutional duty to do so. We hold that the County had no duty at all.

The "quick take" statute was amended August 1, 1976 to provide for the payment of interest, earned on court-deposited funds, to the owner. The amendment provides:

> The amount deposited shall be deposited by the clerk of court in an interest bearing account no later than the business day next following the day on which the amount was deposited with the court. All interest credited to the amount deposited from the date of deposit shall be paid to the ultimate recipient of the amount deposited.

Minn.Laws 1976, ch. 72, § 1 (codified at Minn.Stat. § 117.042(b) (1984).

**■** Prior to 1976, the statute was silent as to interest. No other Minnesota statute is relevant. Therefore, the County, as a mere depository subject to the orders of the trial court, did not have a statutory duty to pay the earned interest for the three-month period prior to August 1, 1976.

**■** We now turn to the question of constitutional duty. Interest on a condemnation award is an element of just compensation. *State by Spannaus v. Carney*, 309 N.W.2d 775, 776 (Minn.1981). The duty to pay just compensation is a duty which the condemnor owes to the property owner. *See* Minn. Const., art. I, § 13. The County as depository has no corresponding constitutional duty. A depository cannot release funds without a court order. Therefore, the County did not have a constitutional duty to pay interest to the Fines. Because the County has neither a statutory nor a constitutional duty to pay, the trial court erred in holding the County responsible for the payment of the interest.

## II.

**■** Because interest earned on a condemnation award is an element of just compensation, it would seem that the City of Minneapolis, as condemnor, is responsible to the Fines for the interest payment. However, under the peculiar facts of this case, we cannot so hold. The Fines waived their constitutional right to interest, thereby relieving the City of its duty to pay.

In the original condemnation order dated December 1, 1975, the judge determined that the Fines were immediately entitled to the amount deposited with the court, together with any interest that accrues. Then, in the March 1975 stipulation wherein the City as owner granted many concessions to the owners, the judge, in his order approving the stipulation, crossed out the Fines' interest claim.

---

**1.** Whenever the petitioner shall require title and possession of all or part of the owner's property prior to the filing of an award by the court appointed commissioners, the petitioner shall, at least 90 days prior to the date on which possession is to be taken, notify the owner of the intent to possess by notice served by certi-

fied mail and before taking title and possession shall pay to the owner or deposit with the court an amount equal to petitioner's approved appraisal of value. *Amounts deposited with the court shall be paid out under the direction of the court.*

Minn.Stat. § 117.042 (1984) (emphasis added).

The record is totally silent as to further proceedings in this action, revealing that the Fines did not pursue their interest claim throughout the normal statutory course of the condemnation proceedings. Their claim should have been pursued before the commissioners and, if denied, they could have appealed.[2]

Here, there is no record of the Fines bringing it as a separate claim before the commissioners nor any record of any kind subsequent to the stipulation and order. Under this limited record, we must conclude the Fines bargained away their right to interest, or if not bargained away, failed to pursue their rights under chapter 117 of the Minnesota Statutes.

### III.

■ Because the award for interest was granted in error, the award for interest upon interest is erroneous as well.

### DECISION

The County, as depository, was not liable for interest which had accrued prior to 1976 on money deposited pursuant to the quick take statute.

Although the City as condemnor had a constitutional duty to pay interest which had accrued on a condemnation award, it was relieved of that duty when the property owners bargained away their right to interest in a stipulation agreement. If not bargained away, they failed to pursue and preserve their remedy under chapter 117.

Because the trial court erred in awarding interest, its award of interest on interest is erroneous as well.

Dismissed as to the Fines and remanded for the trial court's further consideration of the posture of the class action.

**2.** At any time within 40 days from the date that the report has been filed, any party to the proceedings may appeal to the district court from any award of damages embraced in the report, *or from any omission to award damages,* by

filing with the clerk a notice of such appeal and mailing a copy of such notice to all parties of record having an interest in lands described in the appeal.

Minn.Stat. § 117.145 (1984) (emphasis added).