Harry A. FINE and Betty L. Fine on behalf of themselves and all others similarly situated, petitioners, Appellants,

v.

CITY OF MINNEAPOLIS, etc., et al., Respondents,

v.

HENNEPIN COUNTY, third-party defendant, Respondent.

No. C8–84–2085.

Supreme Court of Minnesota.

Aug. 15, 1986.

854

Edward F. Rooney, Minneapolis, for appellants.

Robert J. Alfton, Minneapolis City Atty., Allen B. Hyatt, Asst. City Atty., Minneapolis, for City of Minneapolis.

Thomas L. Johnson, Hennepin Co. Atty., Richard T. Todd, Asst. Co. Atty., Minneapolis, for Hennepin County.

COYNE, Justice.

We granted the petition of Harry and Betty Fine, individually and on behalf of the class they represent, to review a court of appeals' decision with regard to entitlement to interest on money deposited with Hennepin County by the City of Minneapolis, the condemnor in this "quick-take" proceeding. We affirm in part and reverse in part.

Pursuant to Minn.Stat. § 117.042 (Supp. 1975), the district court directed the transfer of title and possession of a number of parcels of land to the city on December 1, 1975 upon the city's deposit with the court of an amount representing the approved appraised value of the land. The court order provided that the amounts deposited, together with interest, would be applied to the payment of the final award. The city then deposited $55,000 in connection with the Fine property.

Thereafter, on March 30, 1976, while the Fines remained in possession, the parties executed a written agreement to continue the condemnation proceedings, reserving to the parties their right to appeal the commissioners' award, while at the same time authorizing the Fines' immediate receipt of the $55,000 deposit in exchange for the transfer of title to the city by delivery of the requisite deeds. The parties allocated between them certain costs associated with the land and stipulated that the Fines should have the right to retain possession of the premises on a month-to-month basis by the payment of a monthly rental of $550 until the commissioners' final award and 1% of that award thereafter. While the stipulation contained no provision for the accrual or payment of interest on the deposited funds, the order submitted to the district court provided not only for approval of the stipulation, but also contained a direction to the court administrator to pay to the Fines the amount of the deposit, $55,000, together with interest from December 1, 1975. On March 30, 1976, the district court approved the stipulation and directed payment of the $55,000, but specifically deleted the interest provision. The Fines received payment of $55,000 on March 31, 1976.

No consideration or review was sought of the order directing the payment of $55,-000 without any added interest. Instead, on June 30, 1976, the Fines commenced this independent class action [1] to recover interest on the funds originally deposited for

1. The named defendants were the City of Minneapolis, the Clerk of the Hennepin County District Court, and the Hennepin County Treasurer. The City of Minneapolis joined Hennepin County as a third-party defendant. Hennepin County was never made a defendant in the plaintiffs' action, but for reasons not adequately explained by the parties at the time of argument before this court, the county was treated as such throughout these proceedings. Although Hennepin County objects to the judgments against it on their merits, the county does not complain on the ground that it is not a party in the main action.

the period from December 1, 1975 to March 31, 1976. The instant class, including all those individuals for whose land condemnation deposits were made under the "quick-take" statute, was certified on September 9, 1976. The class sought interest on funds deposited under the 1971 enactment of "quick-take" legislation to its 1976 amendment which, they assert, for the first time requires payment to the recipient of the deposited funds all interest credited to the deposit. Act of March 24, 1976, ch. 72, § 1, 1976 Minn. Laws 189.

Virtually no file activity occurred during the ensuing 8–year period; in 1980 the Fines opposed dismissal of the action indicating that they were having difficulty locating class members. Finally in April 1984, on the parties' cross-motions for summary judgment, the trial court granted summary judgment in favor of the Fines against Hennepin County and its named officials; dismissed the city with prejudice; and held the county liable for 6% interest on the deposited funds, directing the individual plaintiffs to establish the amounts and length of time from deposit to disbursement.

The trial court ultimately directed the entry of judgment in favor of the plaintiff as follows: $55,159.22 as interest and $41,562.30 as prejudgment interest. On appeal, the court of appeals in *Fine v. City of Minneapolis*, 368 N.W.2d 324 (Minn.App. 1985), held that prior to the 1976 amendment to the quick-take statute, the county was merely a depository without obligation to pay interest on funds deposited. While it also concluded that the city had a constitutional duty to pay interest, it dismissed

the Fines' claims, holding that they, by stipulation and failure to proceed through statutory channels, had waived their right to interest. The class action, with the exception of the Fines' claims, was remanded to the trial court for its present consideration of the procedural posture.

We entertain this appeal solely for the purpose of defining the responsibilities of these parties within the complicated and confusing procedural context of this proceeding. More specifically, we must determine whether the payment of interest was required on "quick-take" funds deposited with the court pursuant to Minn.Stat. § 117.042 (Supp.1975).

■■■ The quick-take statutory procedure here employed is an expeditious procedure designed to accomplish the immediate transfer of title and possession to property upon payment by the condemnor of the approved appraisal value of the property.[2] The quick-take procedure is not a separate kind of condemnation proceeding; it is a step in a condemnation proceeding. The deposit does not represent an award of damages for the taking but only the condemnor's valuation of the property. The right to an ultimate commissioners' award and appeal therefrom is reserved to the parties. 7 Nichols, Law of Eminent Domain, § 2.03(1) (1985). Once the condemnor invokes the quick-take provisions, the parties may, of course, agree on the value of the property and proceed as in a direct purchase. On the other hand, if the parties disagree about the value of the condemned property, as did the Fines, the condemnation proceeding continues with the appoint-

---

**2.** Minn.Stat. § 117.042 (Supp.1975) provides as follows:

EMINENT DOMAIN: POSSESSION. Whenever the petitioner shall require title and possession of all or part of the owner's property prior to the filing of an award by the court appointed commissioners, the petitioner shall, at least 90 days prior to the date on which possession is to be taken, notify the owner of the intent to possess by notice served by registered mail and before taking title and possession shall pay to the owner or deposit with the court an amount equal to petitioner's approved appraisal of value. If it is deemed necessary to deposit the

above amount with the court the petitioner may apply to the court for an order transferring title and possession of the property or properties involved from the owner to the petitioner. In all other cases, petitioner has the right to the title and possession after the filing of the award by the court appointed commissioners as follows:
(a) if appeal is waived by the parties upon payment of the award;
(b) if appeal is not waived by the parties upon payment or deposit of three-fourths of the award.

ment of commissioners who will assess the damages occasioned by the taking. Minn. Stat. § 117.085 (1984). By statute, damages awarded by court-appointed commissioners bear interest from the earlier of the filing of the commissioners' report or the date on which the condemnor takes possession. Minn.Stat. § 117.195 (1974). When the commissioners' award is followed by an appeal and a verdict, interest must be paid on the verdict amount from the time of the award until judgment is entered. *See State by Spannaus v. Carney,* 309 N.W.2d 775 (Minn.1981).

■ It is our view that the mandates of the Minnesota Constitution art. 1, § 13, prohibiting the taking of private property without "just compensation," are satisfied by the deposit of the approved appraisal value with the court coupled with a charge on the city's treasury to later pay any additional award either made by the commissioners or awarded on appeal. As a practical matter, the deposit by the city of the $55,000 approved appraisal value and the owners' immediate entitlement to those funds obviates an award of interest on the deposited monies. *See Ford Motor Co. v. City of Minneapolis,* 143 Minn. 392, 395, 173 N.W. 713 (1919). The fact that these parties chose to negotiate and to defer both the disbursement of the funds and the transfer of title and possession until such time as they were able to stipulate to their respective rights and responsibilities does not give rise to a claim of interest on the deposited amount. Moreover, as the March 30, 1976 order of the district court indicates, the parties' agreement did not contemplate the payment of interest.

■ Alternatively, the parties suggest that Minn.Stat. § 117.195 requires the payment of interest on the deposited funds. While we agree that section 117.195 provides that interest is payable on damages awarded by commissioners or on appeal, the Fines' argument is misplaced. Nowhere in this record is there any indication that a commissioners' award has been made or that, if so, an appeal has been taken. In the event of such disposition, the condemnees would be entitled to seek as an element of their "just compensation" interest on the unpaid balance of the final award from March 30, 1976—the stipulated date of the city's possession. That interest must be sought, however, in the condemnation proceedings, and the time limitation for perfecting such a claim is set out at Minn.Stat. § 117.145 (1984).

■ Although both the plaintiffs and the City of Minneapolis assert that it is inequitable for the county to retain the interest proceeds it admits were generated by funds deposited with it by court order, we conclude that under the circumstances of record no inequity has been demonstrated. In a practical sense, the parties and the court contemplated a deposit of short duration to allow the parties the opportunity to stipulate to matters bearing on the transfer of title and possession. Moreover, because the county had no statutory duty to deposit the funds in an interest-bearing account, its decision to do so, the passage of time prior to disbursement for reasons unrelated to the county's actions, and the accrual of minimal interest does not inure to the benefit of these parties. If the parties ultimately settled their differences, the agreed upon amount was presumably paid and the matter concluded. If the condemnation proceedings continued to a commissioners' award, interest was or should have been calculated according to section 117.195 and an award of interest on the deposit would represent a duplication, in whole or in part, of the interest factor in "just compensation."

We therefore hold that, based upon the statutorily designed condemnation scheme, the deposit with the court of an amount equal to the petitioner's approved appraisal of value pursuant to Minn.Stat. § 117.042 (Supp.1975), did not give rise to a separate cause of action for interest on the deposited fund.

Affirmed in part; reversed in part.