**CRYSTAL GREEN,**
**Petitioner, Appellant,**

v.

**CITY OF CRYSTAL, Respondent.**

No. CX–87–1860.

Court of Appeals of Minnesota.

March 29, 1988.

Review Denied May 25, 1988.

Bradley J. Gunn, Olson, Gunn & Seran, Minneapolis, for appellant.

James J. Thomson, Jr., LeFevere, Lefler, Kennedy, O'Brien & Drawz, Minneapolis, for respondent.

League of Minnesota Cities, Thomas L. Grundhoefer, St. Paul, for amicus curiae.

Heard, considered and decided by NIERENGARTEN, P.J., and SEDGWICK and FORSBERG, JJ.

**OPINION**

NIERENGARTEN, Judge.

Crystal Green partnership (Crystal Green) appeals from summary judgment against it in its inverse condemnation action against the City of Crystal (City). We affirm.

**FACTS**

In October 1983, Crystal Green purchased 15.6 acres of undeveloped land adjacent to Highway 169 in Crystal for the purposes of developing a subdivision. In 1984, Crystal Green met with the city engineer to discuss the proposed subdivision. Crystal Green was advised to contact the Minnesota Department of Transportation (MnDOT) because MnDOT planned to build a frontage road. The city engineer advised Crystal Green that the City would require it to dedicate the right-of-way as a condition of plat approval.

At plat approval hearings Crystal Green objected to the dedication requirement as an unconstitutional taking of the property without compensation but agreed to dedicate the land "under protest" and received final plat approval. Crystal Green's president testified that he did not challenge the dedication prior to plat approval because the seller, under the 1983 purchase agreement, would not wait, and he would be unable to obtain financing without final plat approval. Before contacting the City concerning its requirements Crystal Green paid $5,000 in earnest money. The partnership incurred an additional $20,000 in development costs with full knowledge of the required dedication.

The final plat was filed with the Hennepin County Registrar of Titles on January 7, 1985. Crystal Green sold all 49 lots to a construction company at a profit, but alleges that the dedication cost it five or six lots at approximately $18,000 per lot, or $90,000 to $108,000.

Crystal Green applied for a writ of mandamus requiring the City to institute condemnation proceedings for the taking of Crystal Green's property. Summary judgment was granted to the City and Crystal Green appeals.

## ISSUE

May a developer who consented to a dedication requirement by filing a plat containing the dedication, challenge the dedication requirement after the plat has been approved and filed?

## ANALYSIS

■ Acting pursuant to statutory authority,[1] the City required Crystal Green to dedicate a portion of the proposed subdivision for future use as a frontage road in order to gain plat approval. The municipality is limited to a "reasonable portion." *Collis v. City of Bloomington,* 310 Minn. 5, 17, 246 N.W.2d 19, 26 (1976). Crystal Green could have challenged the reason-

ableness of the City's dedication requirement prior to the filing of the final plat through various remedies including mandamus, certiorari, injunction and the declaratory judgment action. See Minn.Stat. § 462.361, subd. 1 (1984); *Honn v. City of Coon Rapids,* 313 N.W.2d 409, 413 (Minn. 1981). Either mandamus or a declaratory judgment action would have been appropriate remedies in this case.

There is no material fact issue. Simply put, the legal issue is whether Crystal Green may challenge the reasonableness of the required dedication after it filed a plat including the dedication. See Minn.R. Civ.P. 56.03; *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979) (on appeal, appellate courts must determine if there are issues of material fact and whether the trial court erred in applying the law.)

Crystal Green argues that it was not economically feasible to litigate the issue and wait to begin its project. However, Crystal Green did not consult the City about possible dedication requirements prior to payment of the $5,000 earnest money and all the development expenses were incurred after Crystal Green had knowledge of the dedication requirement. Thus, there is no showing Crystal Green acted under duress or was coerced by the City into complying with the dedication. *See Sorensen v. Coast-to-Coast Stores, Inc.,* 353 N.W.2d 666, 670 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Nov. 7, 1984) (duress caused by economic coercion may show absence of intent to release claims). Any financial duress was of Crystal Green's own making.

> [T]he limitation of alternatives imposed by one's own financial problems does not constitute duress.

*Bond v. Charlson,* 374 N.W.2d 423, 428 (Minn.1985).

If the dedication requirement were found unreasonable, the City would have the option of removing or modifying its require-

---

1. "[R]egulations may require that a reasonable portion of any proposed subdivision be dedicated to the public or preserved for public use as streets, roads, sewers, electric, gas, and water facilities, storm water drainage and holding areas or ponds and similar utilities and improvements." Minn.Stat. § 462.358, subd. 2b (1984).

ment. On the other hand, if Crystal Green is permitted to comply "under protest" and then ask for payment and the requirement is determined to be unreasonable, the City has no alternative but to pay since the dedication is irrevocable. *See Bartlett v. Stalker Lake Sportsmen's Club*, 283 Minn. 393, 397, 168 N.W.2d 356, 359 (1969).

Developers must challenge dedications prior to final plat approval and registration in order to assure finality of dedication, give municipalities an opportunity to change their requirements if the requirements are unreasonable, and prevent municipalities from being sued by developers when the only remedy available to a losing municipality is payment.

## DECISION

The record does not show the developer was coerced by the municipality or that it acted under duress created by the municipality. The developer may not challenge the dedication requirement after the plat was approved and filed.

Affirmed.