The COUNTY OF HENNEPIN,
Petitioner, Respondent,

v.

Jerome P. BEGIN, et al., Appellants.

No. C0–89–463.

Court of Appeals of Minnesota.

Aug. 15, 1989.

Thomas L. Johnson, Hennepin County Atty., James H. Gaffney, Asst. County Atty., Minneapolis, for petitioner, respondent.

Richard J. Gunn, Bradley J. Gunn, Olson, Gunn and Seran, Ltd., Minneapolis, for appellants.

Heard, considered and decided by SCHUMACHER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

The trial court granted respondent Hennepin County's motion to amend its condemnation petition to dismiss certain land which allegedly had been already dedicated to respondent. Appellants Jerome and Betty Begin contend that this dedication did not take place and that any alleged dedication of their land was without effect since respondent had obtained title and possession to the land in a prior "quick-take" action under statute. We agree and reverse.

## FACTS

Appellants owned real estate in Plymouth, Minnesota, which abutted County State Aid Highway 9 (County Road 9). They wanted to build a shopping complex on their land. Respondent wanted to expand County Road 9.

Appellants contacted the city of Plymouth regarding their plans and were told that, as a condition of plat approval, certain areas of land would have to be "dedicated" as a right-of-way for expanding County Road 9. In July 1986, appellants filed an application for development and preliminary plat. Respondent maintains that this preliminary plat indicated a dedication of land for the expansion of County Road 9. Appellants allege that they "objected [to the dedication requirement] and refused to dedicate [the land]."

The city of Plymouth reviewed the documents submitted by appellants and in its report to appellants specifically referred to and required the land dedications. On September 16, 1986, respondent filed a condemnation petition regarding the land necessary to expand County Road 9, and named appellants' parcels among others. Respondent maintains that Plymouth ap-

proved appellants' application and plat on September 29, 1986. Appellants claim that their preliminary plat was approved, but that other requirements for final approval remained and that final approval was not obtained until January 1987 when the city council signed the final plat.

Because immediate possession of appellants' land was necessary to proceed with expansion of County Road 9, respondent applied for and acquired title to those lands under Minnesota's "quick-take" statute (Minn.Stat. § 117.042 (1986)) on November 3, 1986. Respondent claims that it approved the plat two days later. However, appellants argue that respondent approved only the new right-of-way line for County Road 9.

On November 7, 1986, appellants signed a contract with Plymouth to develop their land consistent with the plat submitted by them in July 1986. They state they did not argue the dedication requirement because they believed it had been rendered moot by respondent's prior "quick take" of the property. Respondent claims that Plymouth's execution of this contract was specifically based on its September 1986 approval of appellants' preliminary plat which allegedly indicated that the contested lands would be dedicated.

On January 12, 1987, the Plymouth City Council signed the official plat which showed the expanded County Road 9. A month later appellants did the same. Appellants maintain that any dedications shown in the final plat were only for access roads to be constructed for the shopping complex, and that the final plat showed County Road 9 in its new position because appellants believed they had lost title to the land through respondent's "quick-take" proceeding and were resigned to respondent's placement of the road. On March 2, 1987, the final plat was filed with the county recorder.

The trial court granted respondent's subsequent motion to amend its condemnation petition to exclude the land of appellants which was needed to expand County Road 9, but which respondent maintained appellants had already dedicated. Appellants' subsequent motion to reconsider was denied. Unfortunately, no memorandum accompanied either of the trial court's orders.

## ISSUE

Did the trial court err in allowing respondent to amend its condemnation petition?

## ANALYSIS

In Minnesota, public roads may be established by statutory dedication. *See Bengston v. Village of Marine on St. Croix*, 310 Minn. 508, 509, 246 N.W.2d 582, 586 (1976). "[A] statutory dedication is one by plat executed and recorded as required by statute." *Headley v. City of Northfield*, 227 Minn. 458, 461, 35 N.W.2d 606, 608 (1949). Logically, statutory dedication may be construed to also allow dedication of the land necessary to expand a public road.

By statute

[p]lats of land may be made in accordance with the provisions of this chapter, and, when so made and recorded, every donation to the public * * * shall operate to convey the fee of all land so donated * * * with the same effect, * * * as though such land were conveyed by warranty deed.

Minn.Stat. § 505.01 (1986). Regarding recording of a dedicatory plat:

Every plat, when duly certified, signed and acknowledged, as provided in section 505.03 * * * shall be filed and recorded in the office of the county recorder.

Minn.Stat. § 505.04 (1986). Minn.Stat. § 505.03, subd. 2 (1986) requires that:

Where any preliminary plat includes land abutting upon an existing or established county or county state aid highway, it shall first be submitted to the county engineer for written comments and recommendations * * * [and] a certificate or other evidence shall be required * * * for filing * * * as to the submission of or

the obtaining of such written comments and recommendations.

Minn.Stat. § 505.03, subd. 2 (1986). Thus, preliminary plats of land abutting county state aid highways and their approval under Minn.Stat. § 505.03, subd. 2 are prerequisites for the filing of a "final" plat under section 505.01. Also, according to the supreme court, the

> *filing* of the plat pursuant to § 505.01 operates as a conveyance to the public of such estate or interest as is necessary to accomplish the purpose of the dedication.

*In Re Maintenance of Road Areas*, 311 Minn. 446, 451, 250 N.W.2d 827, 831 (1977) (citations and footnote omitted) (emphasis added).

▉ We conclude that any dedication of land by appellants was effective March 2, 1987 when the final plat was filed. *See Crystal Green v. City of Crystal*, 421 N.W.2d 393, 395 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. May 25, 1988). Therefore, if respondent had already acquired the land needed to expand County Road 9 via the "quick-take" statute in November 1986, appellants could not have dedicated that land to respondent in March 1987 because they did not own it.

Because the "quick-take" statute "is an expeditious procedure designed to accomplish the *immediate* transfer of *title and possession* to property * * *," *Fine v. City of Minneapolis*, 391 N.W.2d 853, 855 (Minn.1986) (citation omitted, emphasis added), we conclude that respondent did, in fact, obtain title to the property in November 1986 and that appellants were not "lawfully seized of the premises in fee simple" in March 1987. "The quick-take procedure is *not* a separate type of condemnation proceeding." *Id.* The trial court's grant of respondent's petition to remove appellants' land from the condemnation petition effectively terminated the condemnation proceeding regarding appellants' land. That action by the trial court was inconsistent with existing statutory and case law.

We are not persuaded by respondent's argument that it was justified in "quick taking" the land because appellants' preliminary plat allegedly indicated that the land would be dedicated. Such an argument is inconsistent with the fact that, in the context of statutory dedication, that dedication takes place upon filing a "final plat" under Minn.Stat. § 505.01.

Respondent's position is also inconsistent with the requirement that "developers * * * challenge dedications *prior to final plat approval.*" *Crystal Green*, 421 N.W.2d at 395 (emphasis added). *Crystal Green* assumes that a potential dedicator has the ability to challenge a dedication requirement until the final plat is approved under section 505.01. To allow respondent to obtain, but not pay for, land via the "quick-take" statute upon the filing of a *preliminary* plat would distort the "quick-take" statute's usual function as part of the condemnation and compensation process of eminent domain. It also would discourage future dedications. Preliminary plats would essentially be rendered final with regard to dedications by encouraging public bodies to "take" land before potential dedicators change their mind. We do not believe such a result is consistent with sound public policy and therefore must reverse.

## DECISION

Because respondent obtained title to the contested land by "quick take" and not by dedication, the trial court erred in granting respondent's petition to remove the land from the condemnation petition.

Reversed.