**In the Matter of Condemnation by the MINNEAPOLIS COMMUNITY DEVELOPMENT AGENCY of Certain Lands in the City of Minneapolis.**

No. C5–89–913.

Court of Appeals of Minnesota.

Nov. 14, 1989.

Review Denied Jan. 12, 1990.

892

John M. LeFevre, Jr. and Mary G. Dobbins, Holmes & Graven, Chartered, Minneapolis, for appellant, Minneapolis Community Development Agency.

Jerrold M. Hartke, Hartke Law Firm, South St. Paul, for respondent, Riverbluff Development Co.

Heard, considered and decided by NORTON, P.J., and LANSING and FLEMING,* JJ.

## OPINION

LANSING, Judge.

The Minneapolis Community Development Agency (MCDA) appeals the judgment awarding interest, costs and disbursements, including expert witness and appraisal fees, to Riverbluff Development Company in a condemnation proceeding. We affirm the award of costs and disbursements, including the witness and appraisal fees. We reverse a portion of the interest award and remand to the district court for recomputation of the judgment.

## FACTS

Riverbluff Development Company owned property in downtown Minneapolis known as the Crown Mill and Annex and the Minneapolis Boilerworks. MCDA initiated a condemnation proceeding against Riverbluff in November, 1984. On March 20, 1985, MCDA moved for and obtained title and possession of Riverbluff's properties

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

under the quick-take provisions of Minn. Stat. § 117.042 (1984). The order was conditioned on MCDA's deposit with the court of $1,089,183, the approved appraisal value of the properties. The order directed the court administrator to pay from the deposit any encumbrances and other obligations associated with the property as of the transfer date.

MCDA deposited the money with the court administrator on March 29, 1985. The court administrator deposited the funds in a 5.5% interest-bearing account. *See* Minn.Stat. § 117.042 (1984). Riverbluff requested disbursement of the funds but the district court denied its petitions because of the uncertainty of obligations associated with the properties. On June 7, 1985, the district court ordered the funds transferred to a certificate of deposit, which apparently earned interest at a higher rate. On December 9, 1985, the court ordered distribution of the funds.

The court-appointed commissioners held extensive hearings between October, 1985 and September, 1987. The commissioners awarded Riverbluff $1,083,600 as compensation for the properties taken. Both parties appealed to the district court and the matter was tried to a jury in October, 1988.

The jury awarded compensation of $1,122,000. This amount exceeded the commissioner's award by $38,400 and exceeded the deposited amount by $32,817. The district court ordered judgment in the amount of $1,122,000 plus interest from the date of taking. The court also awarded Riverbluff $76,514 for expert witness and appraisal fees, together with costs and disbursements. After entry of judgment incorporating these orders MCDA appealed.

## ISSUES

1. Did the trial court err in awarding interest on the entire condemnation award from the date of taking?

2. Did the trial court err in awarding respondent costs and disbursements, including expert witness and appraisal fees?

## ANALYSIS

### I.

### *Interest on Condemnation Award*

■ Interest on a condemnation award is an element of "just compensation." *State by Spannaus v. Carney*, 309 N.W.2d 775, 776 (Minn.1981). Therefore, as a general rule, a condemnor is liable for interest on the award. This liability is recognized in Minn.Stat. § 117.195 (1988), which provides that all damages shall bear interest at the judgment rate from the date of filing of the commissioners' report or from the date of taking, whichever comes first. The district court followed this statute literally, awarding interest at the judgment rate from the date of taking; March 29, 1985.

Both parties agree that the district court incorrectly computed the award when it failed to take into account the funds previously deposited under the quick-take provisions of Minn.Stat. § 117.042. It is also undisputed that the condemnor is liable for interest on the difference between the final award and the lesser deposited amount, computed from the date of taking. The parties disagree, however, on the condemnor's liability for interest on the deposited amount. MCDA argues that it owed no interest on the deposited funds because the deposit was equivalent to payment. Riverbluff argues that MCDA continued to be liable for interest on the deposit until the funds were released to them.

This issue was addressed in *Fine v. City of Minneapolis*, 368 N.W.2d 324 (Minn.Ct. App.1985), *aff'd in part, rev'd in part*, 391 N.W.2d 853 (Minn.1986). In *Fine*, the condemnor deposited with the court an amount equal to the appraised value of the property pursuant to the quick-take statute. The landowner chose to negotiate and to defer disbursement of the funds until the parties were able to stipulate their rights and responsibilities. The district court subsequently approved the parties' stipulation and ordered disbursal of the funds without interest. On appeal, both of the appellate courts affirmed the disallowance of interest. The supreme court reasoned that

the owner's immediate entitlement to these funds obviates an award of interest on the deposited monies.

*Id.* at 856.

*Fine* is unlike the present case in that Riverbluff was not immediately entitled to monies deposited by MCDA. The reasoning in *Fine*, however, is instructive. The *Fine* court's reliance on the *availability* of the funds, rather than the fact that the funds had been *deposited*, indicates that the act of depositing monies does not absolve the condemnor of interest liability. The language in *Fine* implies that interest liability continues until the landowner becomes entitled to the deposited funds.

 Such a rule makes sense. When the funds are available to the landowner, the landowner has the option of reinvesting them. If the funds are earning low interest, it is the landowner's responsibility, not the condemnor's. On the other hand, when the funds are not available, the landowner has no choice; the rate of return is governed exclusively by the court administrator under Minn.Stat. § 117.042(b). If the funds are earning low interest, the landowner suffers a loss. It is more reasonable the condemnor should bear the burden of the loss. *See* 13 *Uniform Laws Annotated,* Model Eminent Domain Code, § 1202(b) and comment; *see also Shelton Sewer Authority v. DeFilippo,* 2 Conn. App. 355, 478 A.2d 623, 627 (1984). The condemnor need not take property under the quick-take statute if it finds this liability onerous.

 Applying this rule, Riverbluff is entitled to additional interest on the deposited funds. The funds were deposited on March 29, 1985, when the judgment rate was nine percent. Minn.Stat. § 549.09. They were controlled by the court at varying rates of interest until December 9, 1985, when Riverbluff became entitled to the principal plus interest which accrued at these varying rates. Riverbluff is entitled to interest on the funds during this withholding period at a rate of return which represents the difference between the judg-

ment rate and the actual rate earned, assuming this differential reflects interest lost rather than interest gained.[1] Additionally, Riverbluff is entitled to interest on the difference between the final award and the lesser deposited amount, computed from the date of taking. The district court's interest award, to the extent that it recognizes other interest entitlements, is erroneous.

## II.

### *Costs and Disbursements, Including Expert Witness and Appraisal Fees*

MCDA also challenges the district court's allowance of costs. The allowance of costs in eminent domain's proceedings is purely statutory. *State by Spannaus v. Carter,* 300 Minn. 495, 497, 221 N.W.2d 106, 107 (1974). The issues raised by MCDA are governed by Minn.Stat. § 117.175, subd. 2 (1988), which provides:

> The court may, in its discretion, after a verdict has been rendered on the trial of an appeal, allow as taxable costs reasonable expert witness fees and appraisal fees of the owner, together with the owner's reasonable costs and disbursements. No expert witness fees, costs, or disbursements shall be awarded to the petitioner regardless of who is the prevailing party.

MCDA first argues that none of the costs are taxable because Riverbluff was not a "prevailing party." MCDA recognizes that Minn.Stat. § 117.175 does not expressly impose a "prevailing party" prerequisite to the allowance of costs, but contends that the requirement is implied. This issue is essentially a question of statutory interpretation for de novo consideration.

 We cannot agree with MCDA's interpretation. The absence of an express "prevailing party" prerequisite in the language of Minn.Stat. § 117.175 is significant when compared to its predecessor statute,

---

1. Riverbluff does not assert that the judgment rate fails to provide "just compensation." To

the contrary, it specifically requests the judgment rate. *See Carney,* 309 N.W.2d at 776.

Minn.Stat. § 117.14 (1969). The predecessor statute provided as follows:

> The court, in its discretion, may award to the *prevailing party* the costs and disbursements of the appeal.

(Emphasis added).

The legislature in enacting the current statute, affirmatively deleted the "prevailing party" requirement. This legislative history reveals a legislative intent to authorize the allowance of costs to landowners who did not "prevail." [2] Therefore, we find that there is no "prevailing party" prerequisite implied in Minn.Stat. § 117.175, subd. 2.

■ MCDA next argues that the district court improperly taxed costs incurred at the commissioner level of the proceeding. MCDA asserts that the legislature intended Minn.Stat. § 117.085 (1988) to provide the exclusive means of recovering costs at the commissioner level. That statute states in pertinent part:

> The commissioners, in all such proceedings, may in their discretion allow and show separately in addition to the award of damages, reasonable appraisal fees not to exceed a total of $500.

This issue raises another question for de novo interpretation.

We agree that costs attributable exclusively to the commissioner level of the proceeding may not be awarded by the district court. The legislature, by authorizing only a limited recovery of costs under Minn. Stat. § 117.085, demonstrated an intent to restrain expenditures at the commissioner level. Attainment of this legislative objective would be subverted if the district court freely awarded costs incurred before the commissioners.

■ Where such costs are reasonably related to preparation and presentation of proof at trial, however, they may be awarded by the district court. These costs are trial expenses, whether they were incurred before or after the commissioner hearings.

■ The trial court determined that the appraisal fees were related to trial preparation and presentation. There is support in the record for this determination and we cannot say that the trial court abused its discretion in allowing the fees.

■ MCDA also argues that costs related to Riverbluff's hydropower plant claim should have been disallowed because that claim was rejected by the commissioners and the jury. The allowance of costs is discretionary; the district court's award should not be reversed unless there was a clear abuse of discretion. *Reichert v. Union Fidelity Life Insurance Co.*, 360 N.W.2d 664, 668 (Minn.Ct.App.1985).

We conclude that the district court did not abuse its discretion in awarding these costs. Although the hydropower claim was formally rejected by the factfinders in this proceeding, the theory may still have influenced the factfinders' perceived value of the properties.

■ Finally, MCDA challenges the costs arising out of the depositions of Ann Mosberg, Michael Schwab, Jerry Luesse, and James Heltzer. MCDA argues that the depositions were unrelated to the issue of property valuation, the only issue raised on appeal to the district court. The allowance of these costs should not be reversed unless there was a clear abuse of discretion. *Reichert*, 360 N.W.2d at 668.

The Mosberg deposition, which is the only deposition contained in the file, sufficiently relates to property valuation. We cannot review the other deposition costs because the record is incomplete. It is the appellant's responsibility to assure that the record is adequate for review. *Robinson v. Robinson*, 355 N.W.2d 737, 741 (Minn.Ct. App.1984), *pet. for rev. denied* (Minn. Jan. 4, 1985).

## DECISION

The district court erred in awarding interest on the judgment from the date of

---

**2.** We note that the jury award *did* exceed the commissioner's award and the quick-take deposit. MCDA argues that Riverbluff did not prevail because the jury's verdict was closer to the testimony of MCDA's witnesses than that offered by Riverbluff.

taking. We remand for recomputation of the interest allowable on the award.

The district court's award of costs, including expert witness and appraisal fees, was not contrary to law nor an abuse of discretion.

Affirmed in part, reversed in part, and remanded.