STATE of Minnesota, by Hubert H. HUMPHREY, III, its attorney, Petitioner, Respondent,

v.

BAILLON COMPANY, et al., Appellants.

No. C4–91–1213.

Court of Appeals of Minnesota.

Feb. 4, 1992.

Review Denied March 26, 1992.

674

Hubert H. Humphrey, III, Atty. Gen., John C. Jeppesen, Portia Hampton–Flowers, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Eric J. Magnuson, John B. Lunseth, II, Rachel L. Kaplan, Rider, Bennett, Egan & Arundel, Minneapolis, for appellants.

Considered and decided by FORSBERG, P.J., and KALITOWSKI and FLEMING *, JJ.

## OPINION

KALITOWSKI, Judge.

Baillon Company (Baillon) appeals from the judgment in a condemnation proceeding awarding it simple interest at the statutory judgment rate. We reverse the interest award and remand for a determination of

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

the rate of interest necessary to provide Baillon with just compensation.

## FACTS

On May 25, 1983, the State of Minnesota acquired title to and possession of certain real property owned by Baillon pursuant to the quick-take procedure set forth in Minn. Stat. § 117.042 (1982). The state's acquisition enabled the construction of I–94 from St. Paul to Wisconsin. Because the subsequent construction of I–94 hindered access to Baillon's remaining property, Baillon alleged that the commercial value of its remaining property was effectively destroyed.

Under the quick-take statute, the state could take Baillon's property prior to a commissioner's hearing if it paid Baillon the appraised value of the property. The state's appraiser arrived at a value of $1,300 for the land taken and this amount was paid to Baillon.

Nearly two years later, court-appointed commissioners determined that Baillon was entitled to $304,930 from the state for the condemned property. The award included damages of $2,530 for the land and $302,400 for damage to the remaining lands. Under Minn.Stat. § 117.155 (1984), the state was required to immediately pay three-fourths of the principal amount of the award. In April of 1985, the state made a payment of $227,397.50 which, together with the original payment of $1,300, amounted to three-fourths of the award.

Both the state and Baillon appealed the commissioners' award. The matter ultimately was tried before a jury. On January 18, 1991, the jury awarded Baillon $270,000.

Baillon moved for a new trial alleging that the trial court erroneously determined that the county zoning ordinance took precedence over the town zoning ordinance. Baillon also moved for an order requiring that the interest on the unpaid balance be calculated using an investment market rate

pursuant to Minn. Const. art. VI, § 2.

and that the interest be compounded. Baillon additionally sought costs including expert witness and appraiser fees.

The trial court held a hearing on the post-trial motions. Roger Conant, Baillon's expert witness on the interest issue, gave his opinion as to Baillon's financial position had it received the full value of its property at the time the property was taken. Conant also testified about the type of investments that a reasonable and prudent investor would make.

In opposition to Baillon's motion for compound interest at a market rate, the state submitted the affidavit of Howard Bicker, executive director of the Minnesota State Board of Investment. Bicker's affidavit explained that the statute governing interest on condemnation awards provides that interest is to be computed at the judgment rate set forth in Minn.Stat. § 549.09 (1990). Bicker asserted that the return rate in Minn.Stat. § 549.09 represents a reasonable rate of return and a rate which a prudent investor would receive on a similar risk-free investment.

The court ultimately denied Baillon's new trial motion and request for an award of compound interest at an investment market rate. The court noted the parties had agreed that the beginning calculation date for interest would be May 25, 1983. The court concluded that Baillon was entitled to receive only simple interest at the judgment rate pursuant to Minn.Stat. § 117.195 (1990) and Minn.Stat. § 549.09. In explaining its decision, the court stated:

> The Court, however, declines to award interest based on an investment market interest rate, having concluded that Respondents are entitled to receive only simple interest at the judgment rate pursuant to Minn.Stat. § 117.195 (1990) and Minn.Stat. § 549.09 (1990). * * * Minn. Stat. § 549.09 clearly provides for simple interest per annum. The statute makes no provision for compounding of interest. The Court will not trace the legislative intent in this Memorandum. * * * The statutes mandate simple interest, and the Court refuses to proceed in opposition to this mandate. The Court understands

and appreciates the nature of Respondents' argument regarding interest. However, the Court is constrained to follow the specific language of Minn.Stat. § 117.195 and § 549.09.

The court awarded judgment for Baillon against the state in the amount of $57,072.24. This amount represented the unpaid balance of the jury verdict ($41,302.50) plus costs and disbursements ($15,769.74). The court also awarded Baillon interest from May 25, 1983, to May 31, 1991, in the amount of $63,490.84. On appeal, Baillon challenges the trial court's interest award.

## ISSUE

Did the trial court err in failing to independently determine what interest rate would provide Baillon with just compensation?

## ANALYSIS

■ Under the federal and state constitutions, a landowner is entitled to just compensation for property taken by the government for public use. U.S. Const. amend. V; Minn. Const. art. I, § 13. Interest on a condemnation award from the time of the taking until the time of payment is an element of just compensation. *State by Spannaus v. Carney*, 309 N.W.2d 775, 776 (Minn.1981); *In re Minneapolis Community Dev. Agency*, 447 N.W.2d 891, 893 (Minn.App.1989), *pet. for rev. denied* (Minn. Jan. 12, 1990).

■ Since 1984, Minn.Stat. § 117.195, subd. 1, has provided that the rate of interest on condemnation awards is to be determined according to Minn.Stat. § 549.09. Minn.Stat. § 549.09, subd. 1(c) provides for simple interest at a rate based on the secondary market yield of one year U.S. treasury bills. The trial court applied Minn. Stat. § 117.195 and held that Baillon should receive simple interest at the rate set forth in Minn.Stat. § 549.09. Baillon contends that the trial court erred in applying the statutes and that an award of simple interest at the judgment rate does not satisfy the requirements of just compensation.

The Minnesota Supreme Court addressed the issue of interest rates on condemnation awards in *Carney,* 309 N.W.2d at 776. Like Baillon, the landowner in *Carney* argued that the applicable statutory interest rate did not satisfy the requirements of just compensation. *Id.* at 776. The applicable interest rate in *Carney* was fixed at six percent.

The supreme court remanded the case for a determination of whether interest of six percent satisfies the requirements of just compensation. *Id.* The court stated that the determination of the interest rate on condemnation awards is a judicial decision. *Id.* The court explained that a "landowner is entitled to that return which would have been available if the landowner had been timely paid and had made reasonable and prudent investments." *Id.* The court noted that the return which satisfies just compensation may be more, less or equal to the return permitted by statute. *Id.*

Under *Carney,* the determination of the interest rate necessary to provide the landowner with just compensation is a judicial function. Courts therefore are not bound by statutory interest rates in the condemnation context. Although the legislature can suggest possible rates, the ultimate determination of the rate of interest to be applied in a condemnation proceeding rests with the trial court.

Courts from other jurisdictions have reached a similar conclusion. Several federal courts have held that Congress cannot mandate the use of a certain interest rate in the condemnation context. Rather, the statute fixing the interest rate in condemnation actions provides a floor and not a ceiling on the rate of interest payable to the landowner. *See United States v. 125.2 Acres of Land,* 732 F.2d 239, 245 (1st Cir. 1984); *United States v. Blankinship,* 543 F.2d 1272, 1275–76 (9th Cir.1976); *Miller v. United States,* 620 F.2d 812, 837, 223 Ct.Cl. 352 (1980).

The state argues that *Carney* and the federal cases are distinguishable from the instant case because they involved statutory interest rates which were fixed and not tied to the market. The state emphasizes that the applicable statutory rate in *Carney* was fixed at six percent. The state asserts that because Minn.Stat. § 117.195 and Minn.Stat. § 549.09 now provide for a variable interest rate based on the yield of U.S. treasury bills, the statutes meet the *Carney* requirement that the landowner receive a return relating to "reasonable and prudent investments."

The state's argument overlooks the language in *Carney* indicating that the interest rate on condemnation awards is an aspect of just compensation and thus subject to judicial determination. *Carney* dictates that a trial court should not simply rely upon statutory rates but instead must make an independent assessment of what rate of interest would provide the landowner with just compensation.

The trial court here did not independently determine what interest rate would provide Baillon with just compensation. The court instead believed it was bound by Minn.Stat. § 117.195 and Minn.Stat. § 549.09. This belief is reflected in the court's statements that the statutes "mandate" simple interest and that it was "constrained" to follow the specific statutory language. The trial court's strict application of the statutory interest rates without a determination of whether the rates provide just compensation is inconsistent with *Carney.* The trial court must determine the rate of interest which satisfies just compensation, and this rate "may be more, less, or equal to the return allowed by statute." *Carney,* 309 N.W.2d at 776.

We therefore remand to the trial court for a determination of the interest rate necessary to provide Baillon with just compensation. We leave it to the discretion of the trial court to determine whether to rely upon the evidence presented or to allow the submission of further evidence on the appropriate rate of interest.

## DECISION

The rate of interest to be applied in a condemnation proceeding is ultimately a matter for judicial determination. The trial

court therefore erred in strictly applying Minn.Stat. § 117.195 and Minn.Stat. § 549.09 without determining whether the rate of interest established in these statutes provide Baillon with just compensation.

Reversed and remanded.