**In the Matter of CONDEMNATION BY the CITY OF MINNEAPOLIS OF CERTAIN LANDS IN the CITY OF MINNEAPOLIS for the Lyn/Lake Municipal Parking Lot Project.**

**No. C5–99–1996.**

Court of Appeals of Minnesota.

May 9, 2000.

---

Jeffrey R. Brauchle, Sherry Davis White, Jeffrey R. Brauchle, P.A., Minneapolis, for respondent City of Minneapolis.

Thomas H. Boyd, Sherman Winthrop, Winthrop & Weinstine, P.A., St. Paul, for appellant Joseph E. Commers.

Considered and decided by SHUMAKER, Presiding Judge, CRIPPEN, Judge, and DAVIES, Judge.

## OPINION

DAVIES, Judge.

Joseph E. Commers Limited Partnership (Commers) appeals from the district court's denial of its motion for judgment-rate interest on the commissioners' award following a quick-take condemnation. Commers argued that it was entitled to interest at the judgment rate on the commissioners' award from the date respondent City of Minneapolis (the city) took possession of the property through the date the court ordered the funds distributed to Commers. *See* Minn.Stat. § 117.195, subd. 1 (condemnation damages "shall bear interest" from the time of the taking at the judgment rate). The city argued, and the district court agreed, that Commers was not entitled to interest on the deposited funds at the judgment rate because Commers had become entitled to the funds when they were deposited. But because the funds should not be deemed available to Commers until released by the court, we reverse and remand with directions.

## FACTS

Commers was the fee owner of property located at 600 and 610 West Lake Street in Minneapolis (parcel 13). On November 3,

1998, the city took possession of parcel 13 in a quick-take condemnation under Minn. Stat. § 117.042. The city deposited with the district court $425,000, the approved appraised value. As required by statute, the district court accountant placed these funds in an interest-bearing account. *Id.*

After court-appointed commissioners issued their final award, the city deposited $97,680.75 (the $95,000 difference between the original $425,000 deposit and the commissioners' award of $520,000, plus $2,680.75 in judgment-rate interest on that difference). On June 10, 1999, the court ordered distribution of $528,448.16 to Commers, which represented: (1) the $97,680.75 deposited by the city following the commissioners' final award; (2) the original deposit of $425,000; and (3) the $5,767.41 in interest that the original deposit earned in an interest-bearing account. Commers requested that item (3) be recalculated to provide interest at the judgment rate from the date of taking, amounting to an additional $4,632.34.

The district court denied Commers' motion, and Commers appeals.

### ISSUE

Did the district court err in denying Commers' request for additional interest at the judgment rate on the original quick-take deposit?

### ANALYSIS

■ A landowner is entitled to just compensation for property taken by the government for public use. U.S. Const. amend. V; Minn. Const. art. I, § 13. Interest on a condemnation award from the time of taking until payment is an element of just compensation. *State by Spannaus v. Carney*, 309 N.W.2d 775, 776 (Minn.1981); *State by Humphrey v. Baillon Co.*, 480 N.W.2d 673, 675 (Minn.App. 1992), *review denied* (Minn. Mar. 26, 1992).

Thus, "as a general rule, a condemnor is liable for interest on the award." *In re Condemnation by Minneapolis Comm. Dev. Agency*, 447 N.W.2d 891, 894 (Minn. App.1989), *review denied* (Minn. Jan. 12, 1990).

■■ Commers argues that it is entitled to interest at the judgment rate under the following statute:

> All damages allowed under this chapter, whether by the commissioners or upon appeal, shall bear interest from the time of the filing of the commissioner's report or from the date of the petitioner's possession whichever occurs first. The rate of interest shall be determined according to section 549.09.

Minn.Stat. § 117.195, subd. 1. Minn.Stat. § 549.09 (1998) sets the interest for verdicts, awards, and judgments. The interpretation of a statute is a question of law, which this court reviews de novo. *Opus N.W., L.L.C. v. Minneapolis Comm. Dev. Agency*, 599 N.W.2d 582, 583 (Minn.App. 1999).

The city acquired possession of parcel 13 under the quick-take statute, which allowed the city either to pay Commers directly or to deposit the amount of the approved appraised property value with the district court for placement in an interest-bearing account. Minn.Stat. § 117.042. The city chose to deposit the $425,000 with the district court.

When determining the duration of the interest obligation under the quick-take statute, this court has focused on when the funds become "available," distinguished from when the funds have been "deposited." *Minneapolis Comm. Dev. Agency*, 447 N.W.2d at 894 ("act of depositing monies does not absolve the condemnor of interest liability"; judgment interest "continues until the landowner becomes entitled to the deposited funds"). The landowner's initial request for disbursement of

the funds in that case was denied by the district court. That meant the funds did not become "available" to the landowner until the court ordered the funds released; the court therefore held the development agency responsible for the difference between interest at the judgment rate and the interest actually earned on the deposit from the taking until the court ordered the funds released. *Id.* at 893–94.

Commers insists that the burden of immediately moving for release of the deposited funds should not be placed on landowners. We agree. The city had a choice either to pay the funds directly to Commers or to deposit the funds with the district court. *See* Minn.Stat. § 117.042 ("before taking title and possession [condemnor] shall pay to the owner or deposit with the court" the approved appraised property value). If the funds were deposited, Commers, to obtain them, was required to bring a motion, incur filing and other fees, and overcome legal obstacles. Although the city claims it would not have opposed a motion to release the funds, and speculates that the court would have granted such a motion in this case, a risk remained that the motion might be denied. We are even more uncertain whether such a motion will, or should, be routinely granted in other cases.

We therefore conclude that funds deposited with the court under the quick-take statute do not become "available" until the district court issues an order for release, distribution, or disbursement of the funds. *See Minneapolis Comm. Dev. Agency,* 447 N.W.2d at 894 (when funds *not available* and rate of return is controlled by court administrator, condemnor's interest liability at judgment rate continues until court orders distribution of funds). Not until the funds are released does the landowner becomes responsible for the funds' investment or use. *Id.*

Both parties discuss the supreme court's decision in *Fine v. City of Minneapolis,*

391 N.W.2d 853 (Minn.1986). But *Fine* is inapplicable, for it did not involve a condemnation award made by commissioners; rather, the

> parties chose to negotiate and to defer both the disbursement of the funds and the transfer of title and possession until such time as they were able to stipulate to their respective rights and responsibilities * * *.

*Id.* at 856. Most significantly, the parties' stipulation did not contemplate the "payment of interest" and the parties "specifically deleted the interest provision." *Id.* at 854.

### DECISION

The district court's order is reversed, and the matter is remanded for the district court to calculate the additional interest Commers is entitled to receive, if any, from the date of taking to the date the funds were released by the district court. That amount is the difference between interest on the deposited funds calculated at the judgment rate and the interest actually earned (and already paid over to Commers).

**Reversed and remanded.**